█ In the Matter of H. GRAY*, Respondent, v. C. ROSE*, Appellant.—*Per Curiam.* Appeal from an order of the Family Court, Delaware County, entered October 25, 1968, which adjudged appellant to be the father of petitioner's child. Petitioner, a married woman, and mother of a child born on May 9, 1966, testified that she had intercourse with appellant over a period of four months, from May to August, 1965, and that the last act of intercourse took place on August 15, 1965. Appellant, who did not testify, contends that petitioner has failed to sustain her heavy burden of proof as to the paternity of the child. He relies on the strong presumption of legitimacy, together with the additional contention that there was lack of proof negating access, since petitioner and her husband still saw each other occasionally, though separated since October, 1961. Petitioner produced two witnesses, one of whom testified that she observed appellant and petitioner leave a restaurant, where petitioner was employed, at midnight

* Fictitious names.

on a Sunday in the middle of August, 1965. When they returned at 7:00 A.M. the following morning, petitioner was wearing appellant's sweater. This witness further testified that in November, 1965, when petitioner appeared obviously pregnant, she overheard appellant make an admission of intercourse with petitioner. Another witness testified appellant made further admissions in her presence. Appellant did not take the stand, and the only witness on his behalf testified that he had seen petitioner and her husband together, in a room in back of his shop. This is the second time this case has been before this court (*Matter of Gray* v. *Rose,* 30 A D 2d 138). On the first appeal, we reversed and ordered a new trial, holding that adequate review was not possible since there were no findings of fact. Here we have a valid marriage existing at the time of conception. The presumption of legitimacy of the child of a married mother is " one of the strongest and most persuasive known to the law" (*Matter of Findlay,* 253 N. Y. 1, 7). This presumption still obtains despite the mother's separation from her husband (*Commissioner of Public Wefare* v. *Koehler,* 284 N. Y. 260). The burden cast upon the petitioner in a case of this nature is substantial. The "evidence of paternity must be more than preponderant and must, indeed, convince 'to the point of entire satisfaction' (*Commissioner of Welfare* v. *Rose,* 283 App. Div. 781; *Erie County Bd. of Social Welfare* v. *Holiday,* 14 A D 2d 832) "; (*Matter of Gray* v. *Rose, supra,* pp. 140–141). Petitioner has not met this burden. She has not overcome the presumption of legitimacy. As to the issue of access, in a somewhat similar factual situation, we found that " the record does not negate access and petitioner's testimony does not constitute clear and convincing proof of appellant's responsibility." (*Matter of Black* v. *Brown,* 27 A D 2d 683.) Since we can perceive little to distinguish that case from the case at bar, the decision of the trial court must be reversed. It should be noted that in cases where the presumption of legitimacy is involved, the establishment of the fact of sexual intercourse with someone other than the mother's spouse does not overcome the presumption. Upon the present record it is undisputed that the petitioner and her spouse continued to have sexual intercourse for a period of time after their discontinuance of living in the same household. It is also apparent that upon occasions they would at least be in the same tavern or restaurant together if not actually in each other's company. Where there is no court decree of separation or divorce, access must be clearly and convincingly negated, in the absence of proof of barriers to access arising from the residence of the husband at some improbable distance in time and space from the wife. The presumption of legitimacy concerns itself with the infant and it is in the jealous protection of his rights that the courts must require clear and convincing proof of illegitimacy beyond the factual proof of adulterous intercourse. Order reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, J. P., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam.* Reynolds, J., dissents and votes to affirm. Aulisi, J., not voting. REYNOLDS, J. (dissenting). This case presented a question of fact for the Family Court Judge who saw all of the witnesses, heard the testimony and has now made findings, and the order should be affirmed.