■ PAULETTE GHAZNAVI, Appellant, v MARK GORDON, Respondent.—Order, Family Court, Bronx County (Rhoda J. Cohen, J.), entered on or about December 29, 1988, dismissing a paternity petition, unanimously affirmed, without costs.

This petition was the third instituted by petitioner against different men seeking an adjudication of paternity as to her daughter, born on or about September 17, 1985. The human leucocyte antigen (HLA) blood tests performed for respondents in the two prior proceedings excluded paternity.

The petition against respondent herein alleged a sexual relationship which endured from March 1983 to July 1989, including the month of conception. Respondent initially denied paternity. The parties were ordered to submit to HLA blood tests which resulted in a 98% probability that respondent was the biological father of the child. At a hearing at which respondent appeared *pro se,* he admitted paternity. An order of filiation was made and temporary support ordered. However, upon learning that petitioner was a married woman and had had sexual relations with another man during the

critical period, respondent moved to vacate the filiation order. The motion was granted and a trial ordered.

Petitioner testified that she had had sexual relations with respondent, who lived in the same apartment building, between 50 and 60 times during a five-year period and described a scar on his leg. She also testified that she met the man whose name her daughter bears in April 1985, when she was four months pregnant, and married him only one month before her daughter's birth. She also claimed to have had sexual relations with a third man only once. However, petitioner admitted being married to yet another man at the time of conception, having married him in 1982 and divorced him on July 26, 1985, one month prior to her second marriage. Although petitioner claimed her first marriage was one in name only, she admitted having another child by her first husband. The HLA test results for respondent were entered into evidence but no test results were submitted with respect to petitioner's first husband.

Respondent testified that he had had sexual relations with petitioner only once in September 1984 and had been unaware of the birth date of the child at the time he admitted paternity. A visual examination of respondent's legs in the robing room at the conclusion of trial revealed no marks or scars. Crediting the testimony of respondent and finding that of petitioner to be not credible, the court dismissed the petition.

One of the strongest and most persuasive presumptions in law is that a child born to a married woman is presumed to have been fathered by her then husband (Matter of Fay, 44 NY2d 137, 142 [1978], appeal dismissed sub nom. Buck v Hunter, 439 US 1059 [1979], reh denied 440 US 968 [1979]). To rebut the presumption of legitimacy, access must be disproved by clear and convincing evidence. (Matter of Commissioner of Welfare of City of N. Y. v Leroy C., 45 AD2d 963 [2d Dept 1974].) The result of a properly administered blood test which excludes the husband's paternity is sufficient to rebut the presumption. (State of New York ex rel. H. v P., 90 AD2d 434, 439 [1st Dept 1982].) Petitioner failed to overcome this presumption. No blood test results were presented for petitioner's first husband, nor did he testify to lack of access.

While the court in rendering its decision refers to the relative credibility of the parties, it cannot be said that the court did not consider the HLA test results in reaching its determination. Family Court Act § 532 gives conclusive weight to the results of blood genetic marker tests which exclude paternity. However, the laboratory and statistical results of a

blood test which include the respondent among those who could be the father may be received in evidence only as an aid in the determination and do not mandate a finding of paternity *(see, Matter of David CC. v Rose GG.,* 142 AD2d 797 [3d Dept 1988]). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.