■ In the Matter of CASONDRA W., a Child Alleged to be Neglected. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: We reject respondent's contention that petitioner failed to prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368). The record establishes that petitioner developed a service plan to which respondent

agreed that included arrangements for weekly visitation, home maker and home management aides in respondent's home, arrangements for counseling, enrollment of respondent in a parenting skills class and in a drug abuse program, as well as counseling in regard to the need for her to obtain adequate prenatal care. Despite those efforts, respondent was uncooperative with the home maker and home management aides, failed to visit her children as scheduled, failed to attend parenting skills classes and drug abuse programs, and was generally uncooperative and indifferent. Furthermore, the record establishes that respondent failed to maintain suitable contact with or plan for the future of her children (see, Matter of Star Leslie W., supra, at 142-143; Matter of Michael M., 172 AD2d 152, 153).

Finally, although not raised by respondent, the order must be modified because the court erred in failing to conduct a dispositional hearing in accordance with the requirements of the Family Court Act (see, Family Ct Act §§ 623, 625 [a]; § 631). Family Court Act § 625 (a) requires that "[u]pon completion of the fact-finding hearing, the dispositional hearing may commence immediately after the required findings are made". Moreover, "[e]xcept where there is a finding of no permanent neglect or where the parties consent to waive their right to a dispositional hearing, Family Court Act § 625 (a) requires that a dispositional hearing be held" (Matter of Loretta OO., 114 AD2d 648, 649-650). Here, the record does not demonstrate that the parties agreed to waive the statutory hearing. Therefore, we remit this matter to Family Court for the purpose of conducting a dispositional hearing (see, Matter of Rosa B., 161 AD2d 1152, 1153). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.