agreed that included arrangements for weekly visitation, home maker and home management aides in respondent's home, arrangements for counseling, enrollment of respondent in a parenting skills class and in a drug abuse program, as well as counseling in regard to the need for her to obtain adequate prenatal care. Despite those efforts, respondent was uncooperative with the home maker and home management aides, failed to visit her children as scheduled, failed to attend parenting skills classes and drug abuse programs, and was generally uncooperative and indifferent. Furthermore, the record establishes that respondent failed to maintain suitable contact with or plan for the future of her children *(see, Matter of Star Leslie W., supra,* at 142-143; *Matter of Michael M.,* 172 AD2d 152, 153).

Finally, although not raised by respondent, the order must be modified because the court erred in failing to conduct a dispositional hearing in accordance with the requirements of the Family Court Act *(see,* Family Ct Act §§ 623, 625 [a]; § 631). Family Court Act § 625 (a) requires that "[u]pon completion of the fact-finding hearing, the dispositional hearing may commence immediately after the required findings are made". Moreover, "[e]xcept where there is a finding of no permanent neglect or where the parties consent to waive their right to a dispositional hearing, Family Court Act § 625 (a) requires that a dispositional hearing be held" *(Matter of Loretta OO.,* 114 AD2d 648, 649-650). Here, the record does not demonstrate that the parties agreed to waive the statutory hearing. Therefore, we remit this matter to Family Court for the purpose of conducting a dispositional hearing *(see, Matter of Rosa B.,* 161 AD2d 1152, 1153). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of BONSHILA W., a Child Alleged to be Neglected. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of JOHN W., a Child Alleged to be Neglected. (Appeal No. 3.)—Order unanimously modified on

the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of MARK W., a Child Alleged to be Neglected. (Appeal No. 4.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of RYAN W., a Child Alleged to be Neglected. (Appeal No. 5.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of JEAN P., Respondent, v ROGER WARREN J., Appellant.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in determining that respondent was the father of a child born to petitioner, in awarding petitioner counsel fees and in awarding custody of the child to petitioner. One of the strongest and most persuasive presumptions in law is that a child born to a married woman is presumed to be fathered by her husband *(see, Matter of Fay,* 44 NY2d 137, 142, *appeal dismissed sub nom. Buck v Hunter,* 439 US 1059, *reh denied* 440 US 968). To rebut that presumption, access by the husband must be disproved by clear and convincing evidence *(see, Ghaznavi v Gordon,* 163 AD2d 194, 195; *Matter of Commissioner of Welfare of City of N. Y. v Leroy C.,* 45 AD2d 963). Here, petitioner did not meet that burden. At the time of the child's birth, March 3, 1984, petitioner was living with and still married to her husband. In addition, during the period of the possible conception of the child, petitioner was having sexual relations with both respondent and her husband, from