the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of MARK W., a Child Alleged to be Neglected. (Appeal No. 4.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of RYAN W., a Child Alleged to be Neglected. (Appeal No. 5.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with same Memorandum as in *Matter of Casondra W.* (184 AD2d 1070 [decided herewith]). (Appeal from Order of Niagara County Family Court, Halpin, J.—Terminate Parental Rights.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ In the Matter of JEAN P., Respondent, v ROGER WARREN J., Appellant.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in determining that respondent was the father of a child born to petitioner, in awarding petitioner counsel fees and in awarding custody of the child to petitioner. One of the strongest and most persuasive presumptions in law is that a child born to a married woman is presumed to be fathered by her husband *(see, Matter of Fay,* 44 NY2d 137, 142, *appeal dismissed sub nom. Buck v Hunter,* 439 US 1059, *reh denied* 440 US 968). To rebut that presumption, access by the husband must be disproved by clear and convincing evidence *(see, Ghaznavi v Gordon,* 163 AD2d 194, 195; *Matter of Commissioner of Welfare of City of N. Y. v Leroy C.,* 45 AD2d 963). Here, petitioner did not meet that burden. At the time of the child's birth, March 3, 1984, petitioner was living with and still married to her husband. In addition, during the period of the possible conception of the child, petitioner was having sexual relations with both respondent and her husband, from