■ In the Matter of NICOLE M., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: We agree with the findings of fact made by Family Court. Petitioner proved by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Casondra W.,* 184 AD2d 1070). We add only that, although Family Court erred in considering a list of missed visitation dates, the record otherwise established that respondent failed to plan for the future of her child *(see, Matter of Star Leslie W., supra,* at 142-143; *Matter of Casondra W., supra).* (Appeal from Order of Ontario County Family Court, Henry, Jr., J.—Permanent Neglect.) Present—Denman, P. J., Boomer, Pine, Lawton and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH VAN ETTEN, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Harvey, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA WILLIS, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The People concede that the minimum term of imprisonment imposed by the sentencing court following defendant's plea of guilty to a violation of probation was illegal because it exceeded one-third of the maximum term imposed *(see,* Penal Law § 60.02 [2]; § 70.00 [2] [e]; [3] [b]). Therefore, the minimum term must be modified to 1-⅓ years. Supreme Court did not abuse its discretion by imposing the maximum sentence under these circumstances. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Violation of Probation.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.