■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAPHNEY HOLMES, Respondent, v NABEEL ABDALLAH, Also Known as BILLY ABDALLAH, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Erie County Dept. of Social Servs. v Abdallah* ([appeal No. 2] 187 AD2d 967 [decided herewith]). (Appeal from Order of Erie County Family Court, Considine, H.E.—Child Support.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.

■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAPHNEY HOLMES, Respondent, v NABEEL ABDALLAH, Also Known as BILLY ABDALLAH, Appellant. (Appeal No. 2.)—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Where, as here, no objections were filed with Family Court from the order of a Hearing Examiner, no appeal lies from the Hearing Examiner's order of support and the appeal is dismissed *(see,* Family Ct Act § 439 [e]; *Matter of Werner v Werner,* 130 AD2d 754).* We deem the notice of appeal from the order of filiation

to be an application for leave to appeal from that order, and, in the exercise of our discretion, grant leave to appeal *(see,* Family Ct Act § 1112 [a]; *Matter of Louise S. v Timothy E.,* 187 AD2d 994 [decided herewith]; *Matter of Hartstein v Mike S.,* 107 AD2d 684).

Petitioner failed to present clear and convincing proof sufficient to rebut the strong presumption that her child was fathered by her then husband *(see, Ghaznavi v Gordon,* 163 AD2d 194, 195; *Matter of Hanley v Wilcox,* 57 AD2d 697). Petitioner failed to present the result of a blood test excluding the husband's paternity, nor did the husband testify regarding lack of access. Petitioner testified that, although they had been separated for some time, her husband did visit her residence occasionally to see an older child born of the marriage, and that he might have been present in the home during the critical period, but not while she was there. Although she denied having intercourse with her husband during the critical period, much of petitioner's testimony is vague, self-contradictory and of questionable probative value. On the other hand, the undisputed evidence reveals that the child was given the name of petitioner's husband and that petitioner never informed the putative father of her pregnancy or the birth of the child until this proceeding was commenced some five years later. Additionally, there is no medical evidence regarding the gestation period. Under the circumstances, the result of a human leucocyte antigen blood test administered to the putative father (which is not part of the record on this appeal) and respondent's admission that he had intercourse with petitioner on one occasion prior to her last menstrual cycle and outside the range of the normal gestation period are not sufficient to rebut the presumption of legitimacy *(see, Ghaznavi v Gordon, supra; cf., Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038; *Matter of Apuzzo v Slesinski,* 97 AD2d 615, 616). (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present— Denman, P. J., Green, Balio, Boehm and Davis, JJ.