■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of ARTORIA CUNNINGHAM, Appellant, v TYRONE GRANT, Respondent.—Order, Family Court, New York County (Michael Gage, J.), entered January 31, 1991, which found that petitioner had not overcome the presumption of legitimacy and dismissed with prejudice petitioner's petition seeking a declaration of paternity, unanimously reversed, on the law, without costs, petitioner's request for blood genetic marker tests granted and the matter remanded to Family Court for a new hearing on paternity at which petitioner should be permitted to introduce the results of such tests.

While the results of blood genetic marker tests are but one factor in overcoming a strong presumption in law, *i.e.,* that a child born to a married woman is presumed to have been fathered by her then husband *(Ghaznavi v Gordon,* 163 AD2d 194, 195), Family Court Act § 532 (a) nevertheless mandates that the court, on its own motion, or on the motion of any party, "shall order the mother, her child and the alleged father to submit to one or more blood genetic marker tests".

That petitioner's husband was alive at the time of the child's birth and has since died should have no bearing on the necessity for such tests. "[T]he presumption of legitimacy is a rule of evidence rather than a rule of substantive law. Whether the presumption is overcome is a question of fact which can be determined only after a full hearing where the court can consider all the evidence, including the results of the HLA and related blood tests." *(Matter of Baby Girl S.,* 140 Misc 2d 299, 302-303 [Roth, S.].) Concur—Murphy, P. J., Ellerin, Kupferman, Kassal and Rubin, JJ.