■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, on Behalf of DEBORAH F., Appellant, v PETER P., Respondent. [599 NYS2d 93] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), entered February 27, 1991, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the facts, with costs, the petition is granted, the respondent is adjudicated the father of the subject child, and the matter is remitted to the Family Court, Orange County, for a determination of the child support payable by the respondent to the mother of the child.

The petitioner contends that the Family Court erred in determining that the evidence adduced at the hearing failed

to overcome the presumption of legitimacy. We agree. It is well settled that "[t]he presumption of legitimacy, although one of the strongest and most persuasive known to the law, is nevertheless subject to the sway of reason * * * [and] is rebuttable just as any other presumption in the law" *(Matter of Constance G. v Herbert Lewis L.,* 119 AD2d 209, 211; *see, Matter of Findlay,* 253 NY 1). In the instant case, while the mother was married at the time of the subject child's birth on April 14, 1990, both she and her husband testified that they separated in 1986, they had not cohabited or engaged in sexual relations since their separation, and they lived far apart and saw each other only occasionally when the husband traveled upstate to visit their daughter. Their testimony was logical, consistent, and unwavering in the face of extensive cross-examination. Additionally, the mother claimed, and the respondent conceded, that she and the respondent repeatedly engaged in sexual intercourse during July, August, and September of 1989, a period which encompassed the probable time of conception. Furthermore, the mother persuasively testified that she did not have sexual relations with anyone else during this period, and documentary evidence in the record tends to support her assertion that she and the respondent cohabited during at least part of this period. She further claimed that the respondent initially indicated that he would "take full responsibility" for the child when he learned that she was pregnant. Significantly, the results of blood genetic marker testing, which, while not conclusive, are regarded as "highly accurate and probative on the issue of paternity" *(Matter of John H. v Suffolk County Dept. of Social Servs.,* 174 AD2d 669; *see, Matter of Department of Social Servs. v William J.,* 191 AD2d 558; *Matter of Otsego County Dept. of Social Servs. v Thomas N.,* 137 AD2d 892; *Matter of Constance G. v Herbert Lewis L., supra),* indicated a probability of 99.83% that the respondent is the father of the child.

Given the foregoing, we conclude that the weight of the credible evidence in this case compels the conclusion that the petitioner rebutted the presumption of legitimacy and established paternity by clear and convincing evidence *(see, Matter of Westchester County Dept. of Social Servs. v Alfred H.,* 186 AD2d 573; *Matter of Vilma J. v William L.,* 151 AD2d 758; *Matter of Constance G. v Herbert Lewis L., supra; cf., Matter of Jean P. v Roger Warren J.,* 184 AD2d 1072; *Ghaznavi v Gordon,* 163 AD2d 194).

We have considered the respondent's remaining contention

and find it to be unsubstantiated and without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.