■ In the Matter of CHERYL A. B., Respondent, v MICHAEL ANTHONY D., Appellant. [619 NYS2d 437] —Order affirmed without costs. Memorandum: There is no basis in the record to disturb the determination that petitioner met her burden of proving respondent's paternity by clear and convincing evidence *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142). Furthermore, the record establishes that petitioner met her burden of rebutting the presumption of legitimacy *(see, Matter of Findlay,* 253 NY 1, 7; *Johannessen v Johannessen,* 148 AD2d 894) by clear and convincing proof of illegitimacy *(see, Ghaznavi v Gordon,* 163 AD2d 194, 195; *Matter of Erskine E. R. F.,* 100 AD2d 878; *Matter of Joan G. v Robert W.,* 83 AD2d 838, 839). Moreover, the failure of respondent to testify regarding alleged acts of intercourse testified to by petitioner during the critical time period "allow[ed] the trier of fact to draw the strongest inference against him that the opposing evidence in the record permits" *(Matter of Commissioner of Social Servs. v Philip De G., supra,* at 141).

All concur except Balio, J. P., and Doerr, J., who dissent and vote to reverse in the following Memorandum.

Balio, J. P., and Doerr, J. (dissenting). We agree that respondent's failure to testify concerning acts of sexual intercourse permitted the trier of fact to draw an unfavorable inference *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141). The record does not reveal that the court elected to draw that inference. Indeed, the absence of findings of fact frustrates meaningful appellate review *(see, Matter of Gray v Rose,* 32 AD2d 994, 995). In any event, that inference would support a finding only that respondent engaged in sexual intercourse with petitioner, not that he is the father of the child. Because petitioner failed to rebut the presumption of legitimacy and failed to establish paternity by clear and convincing evidence, we respectfully dissent.

The presumption of legitimacy is " 'one of the strongest and most persuasive' " known to the law *(Matter of Fay,* 44 NY2d 137, 142, *appeal dismissed sub nom. Buck v Hunter,* 439 US 1059, *reh denied* 440 US 968; *see also, Matter of Jean P. v Roger Warren J.,* 184 AD2d 1072; *Ghaznavi v Gordon,* 163 AD2d 194; *Thompson v Nichols,* 286 App Div 810 ["the strongest presumption of the law"]). At one time the presumption was conclusive if the husband was not physically incapable and was "within the four seas of England" *(Matter of Findlay,* 253 NY 1, 7; *see also, Michael H. v Gerald D.,* 491 US 110, 124, *reh denied* 492 US 937, 499 US 984). The presumption may now be rebutted by clear and convincing evidence that the husband was physically incapable or that the husband lacked access during the relevant period, together with additional evidence, such as a medical test excluding the husband as the natural father or other convincing proof that the natural mother had sexual intercourse during the relevant period only with someone other than her husband *(see generally,* 1 Jones, Evidence § 7:25 [7th ed]; 1 Schatkin, Disputed Paternity Proceedings § 1.06 [4th ed]). Nevertheless, "the presumption will not fail unless common sense and reason are outraged by a holding that it abides" *(Matter of Findlay, supra,* at 8).

There is no contention that the husband is physically incapable. Further, petitioner failed to proffer evidence, e.g., an HLA blood grouping test, that would exclude her husband as the father *(see, Matter of Jean P. v Roger Warren J., supra,* 184 AD2d, at 1073; *Ghaznavi v Gordon, supra,* at 195). Thus, petitioner was required to disprove access by the husband and to establish that respondent is the father.

Petitioner and her husband testified that, although the husband resided with petitioner during the critical period, they slept in separate rooms and did not engage in sexual intercourse. According to petitioner, she engaged in sexual intercourse only with respondent during the critical period. That evidence was controverted by the testimony of a coworker of petitioner and respondent to the effect that petitioner told her that petitioner's husband could be the father of the child and that petitioner did not know who the father was because she was seeing a couple of people at the time. Respondent's wife also testified that petitioner told her that she (petitioner) also was seeing a police officer named Mike. Access must be negated clearly and convincingly, especially in the absence of a decree of separation or proof that the husband resides at some improbable distance in time and space from

his wife *(Matter of Erskine E. R. F.,* 100 AD2d 878, 879; *Matter of Gray v Rose, supra,* at 995). The majority's reliance upon *Matter of Joan G. v Robert W.* (83 AD2d 838) is misplaced. In that case, the evidence revealed that the husband did not reside in the house with petitioner and that he had not been inside the house for some 19 months prior to birth of the child. In the instant case, it is undisputed that the husband resided within the home, and there is evidence supporting an inference that they had sexual relations within the relevant period. Even the fact that the putative father cohabited with the mother for seven or eight years, including the critical period, is not sufficient to overcome the presumption of legitimacy where the husband also may have had access during that period *(see, Matter of Erskine E. R. F., supra).* Under the circumstances, petitioner failed to disprove access by clear and convincing proof that was entirely satisfactory, i.e., by proof establishing that adherence to the presumption would be outrageous *(see, Matter of Jean P. v Roger Warren J., supra; Thompson v Nichols, supra).*

Moreover, evidence that petitioner had a meretricious relationship with respondent during the critical period is not sufficient to rebut the presumption *(see, Matter of Mannain v Lay,* 33 AD2d 1024, *affd* 27 NY2d 690; *Matter of Gray v Rose, supra).* The HLA blood grouping test report proffered by petitioner indicated a probability of paternity of 76.31%, a result that the report itself observed is "not useful in respect to whether [respondent] could be the father of the child". Admission of that test report detracted from petitioner's attempt to rebut the presumption. An HLA test result lacking in probative value does not, when considered together with proof of the meretricious relationship, serve to rebut the presumption *(see, Matter of Jackson v Ricks,* 186 AD2d 1032). In sum, paternity was not established clearly and convincingly. Thus, we would reverse and dismiss the petition. (Appeal from Order of Erie County Family Court, Blumberg, H.E. —Support.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.