■ In the Matter of IRIS "GG"*, Respondent, v. THOMAS "HH"*, Appellant.— Appeal from an order of the Family Court, Schoharie County, entered November 24, 1970, which adjudged appellant to be the father of respondent's child. Iris "GG" married John "GG" in 1964, divorce papers were served on him in June of 1969 and the marriage was terminated on February 27, 1970. When living together they were at Hightstown, New Jersey and this ceased in March of 1968. Thereafter she lived with her parents at Gilboa, New York. She testified that she became acquainted with appellant in February, 1969, that they engaged in intercourse practically every weekend in August of that year, as well as during every weekend in the following two months and that early in November he took her to a doctor's office where the physician told him she was pregnant a little over two months and that he paid the doctor's bill. She related where the sexual acts occurred, that her last period was during the last week of August and that a son was born to her on May 27, 1970. The husband came to see his daughter, born in 1965, in October, 1969 but appellant was at the house the day he came. A friend testified that appellant joked about getting respondent to the hospital in time because of his car's condition and said he hoped respondent would have a boy. Before trial respondent, in response to a demand for a bill of particulars, revealed the name and address of the doctor who cared for her and delivered a written authorization

---

* Fictitious names.

allowing him to divulge to appellant's attorney information regarding the pregnancy. Appellant offered no proof. Although the presumption of legitimacy is one of the strongest known to the law and may be presumed even though the spouses are living apart if there is a fair basis for the belief that at times they may have come together, still it is subject to rebuttal (*Commissioner of Public Welfare* v. *Koehler,* 284 N. Y. 260, 263; *Matter of Findlay,* 253 N. Y. 1, 7). However, the fact that respondent was a married woman during the operative period in question does not bar this paternity suit (*Matter of Mannain* v. *Lay,* 33 A D 2d 1024, affd. 27 N Y 2d 690). Recognizing that the burden cast upon petitioner was substantial and that the evidence of paternity had to be more than preponderant and had to convince to the point of entire satisfaction (*Matter of Gray* v. *Rose,* 32 A D 2d 994), respondent fulfilled that burden by proving, convincingly and clearly, recurrent acts of intercourse during the critical period and negated access with her husband by proof that she did not cohabit with him for 26 months prior to the birth and that she had no intercourse with him in 1969. Her version was not shaken one iota, her testimony was undisputed and her contentions were found satisfactory by an experienced Family Court Judge who was in a better position to evaluate credibility (cf. *Matter of Commissioner of Welfare of County of Schoharie* v. " *Black* ", 25 A D 2d 596; *People* v. *Kelly,* 20 A D 2d 740). Appellant is in no position to ask for a reversal. Order affirmed, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.