## (August 29, 1983)

■ DAWN B., Appellant, v KEVIN D., Respondent. — In a filiation proceeding, petitioner mother appeals from an order of the Family Court, Nassau County (Dempsey, J.), entered May 26, 1982, which dismissed the petition. Order reversed, without costs or disbursements, and matter remitted to the Family Court, Nassau County, for a new hearing and determination in accordance herewith. Petitioner had sexual intercourse with respondent approximately once a week from June to November, 1979. She discovered that she was pregnant in November, 1979 and informed respondent soon after. During the period of time during which the child was conceived, petitioner was having

sexual relations with another man. This man married petitioner in March, 1980. After the birth of petitioner's child on June 30, 1980, petitioner, her husband, and the child took a human leucocyte antigen (hereinafter HLA) test. Petitioner claims that the test excluded the husband as the father. Thereafter, petitioner commenced the instant filiation proceeding against respondent, and a hearing was conducted. However, the results of the HLA test were not introduced at the hearing. At the hearing, petitioner offered in evidence the results of a court-ordered HLA test that she had taken with respondent. Out of a possible score of .999, the respondent scored .998, which, according to the scale used in the test, "practically proved" respondent's paternity. In addition to the HLA test, petitioner testified to having intercourse with respondent during the time of conception, and petitioner and her husband testified that respondent admitted to them that he knew he was the father. Throughout the proceeding, respondent invoked the privilege of section 531 of the Family Court Act and remained mute. The Family Court held that because petitioner admitted access to her husband and presented no evidence specifically excluding the husband's paternity, the strong presumption of legitimacy was not rebutted. Consequently, petitioner's case was not proved by clear and convincing evidence, and the petition was dismissed. Although the presumption of legitimacy is one of the strongest known to law, it is rebuttable (*Matter of Findlay,* 253 NY 1; *Matter of Schenectady County Dept. of Social Servs. v Hilvan RR,* 57 AD2d 688; *Matter of Orange v Rose,* 31 AD2d 715; *Matter of Gray v Rose,* 30 AD2d 138). A blood test which excludes the husband's paternity is sufficient to rebut the presumption (*Anonymous v Anonymous,* 1 AD2d 312; *Matter of Oliver v England,* 48 Misc 2d 335). Petitioner claims to possess the results of an HLA test which excludes paternity by her husband. Such a test would be sufficient to rebut the presumption of legitimacy. Petitioner also claims that the Supreme Court, Nassau County, annulled her marriage based on its findings of the husband's HLA test. Since the Family Court based its findings on the presumption of legitimacy, this evidence could significantly change the Family Court's decision. Although this evidence should have been introduced by petitioner at the hearing this court feels that, in the interest of justice, and the best interests of the child, this case should be remitted to the Family Court to give petitioner another opportunity to present this evidence and to allow the Family Court to make a new determination. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.