■ In the Matter of PHYLLIS HARSTEIN, on Behalf of JULIE S., Respondent, v MIKE S., Appellant. — In a proceeding pursuant to article 5 of the Family Court Act to establish paternity and for an order of support, the appeal is from an order of the Family Court, Westchester County (Kaiser, J.), dated July 26, 1983, which, after a hearing, adjudged appellant to be the father of the child.

Appeal dismissed, without costs or disbursements; no appeal lies as of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act, § 1112; *Matter of Jane PP. v Paul QQ.,* 64 NY2d 15; *Matter of Susan W. v Amhad Q.,* 65 AD2d 594).

The notice of appeal is deemed an application for leave to appeal from the order of filiation dated July 26, 1983. Leave to appeal granted (see Family Ct Act, § 1112, subd [a]).

Upon appeal by permission, order affirmed, without costs or disbursements.

Appellant's paternity was established by clear and convincing evidence. HLA test results indicated there is a 96.1% probability that appellant is the child's father and the hearing court credited the testimony of the child's mother as to the essential elements of proof necessary to sustain the petition (see *Matter of Department of Social Servs. v Jay W.*, 105 AD2d 19). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.