(May 13, 1985)

■ ANGELA BARBER, Appellant, v GLENN DAVIS, Respondent.—Order, Family Court, New York County (Stanley Gartenstein, J.), entered November 15, 1984, which, in a paternity proceeding, dismissed the petition and denied petitioner attorney's fees, unanimously reversed, on the law and on the facts, with costs, the petition is reinstated and granted and petitioner's counsel is awarded attorney's fees, and the matter is remanded for further proceedings to determine the amount of child support and attorney's fees.

In a paternity proceeding commenced on June 20, 1982, petitioner alleged that the respondent was the father of the child then expected to be born on October 9, 1982. The respondent denied the allegation. At the hearing, petitioner testified that the child was conceived on January 11, 1982. Respondent denied paternity, asserting that he did not have sexual intercourse with petitioner any time after June 1, 1981, although he conceded that he had been with petitioner on January 11, 1982.

With regard to the evidence adduced at the extensive hearing, it suffices to say that the conflicting evidence might well have supported a determination in favor of either party, except for the results of HLA and red blood antigen tests. The results of HLA tests indicated that there was a 99.7% probability that respondent was the child's father. Combined with the results of the red blood cell antigen test, the probability went up to 99.999%. When these tests are evaluated together with the rest of the evidence, it is apparent that the weight of the evidence is clear and convincing in support of petitioner's claim that respondent was in fact the father. This conclusion seems to us particularly clear when it is considered that petitioner identified the respondent as the father prior to the taking of the tests which so impressively confirmed her testimony.

The trial court also erred in refusing to consider the results of the red blood cell antigen test made admissible by an amendment to Family Court Act § 532 after the conclusion of the hearing and before the decision was made. The amendment clearly provided that it was to be applied to any proceeding still pending after its effective date. Concur—Murphy, P. J., Sandler, Fein, Kassal and Ellerin, JJ.