■ In the Matter of WILLA S., Respondent, v DONALD R., Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, Donald R. appeals from a dispositional order of the Family Court, Richmond County (Mara, J.), dated June 27, 1984, which directed appellant to pay $30 per week for support of the subject child. The appeal brings up for review an order of the same court (Leddy, J.), dated May 10, 1984, which adjudged him to be the father of the subject child.

Order affirmed, without costs or disbursements.

Petitioner gave birth to a child on June 21, 1982. At the hearing on her petition, she claimed to have been impregnated by appellant on October 20, 1981 and that her doctor told her the child was born three weeks prematurely.

She testified that she first met appellant in November 1979; that they began a sexual relationship on January 24, 1980; that since that time and until immediately prior to the birth of the child she continued to have sexual relations with appellant and with no other man; that they would have the sexual intercourse three times per week; and that thereafter the sexual relations continued until the parties first started going to court in this paternity proceeding, that is, until December 1983.

Appellant denied that he was the father of the child. He testified that during the week of October 19, 1981, he spent his nonworking time with another girlfriend, with whom he had been spending "every weekend since 1970". He admitted however, that he had had a sexual relationship with petitioner from approximately 1980 to the end of 1982. Thus, the sexual relationship continued after petitioner's pregnancy, after the birth, and after petitioner told him (wrongly, he claims) that he was the father of the child. He asserted that he had married in 1960 but found that his wife had a problem conceiving, due to his low sperm mobility. He was divorced in 1983. He denied the three times per week sexual timetable asserted by petitioner, and contended that it was never more than once a week. In disputing petitioner's claim of thrice-weekly sexual relations with him (Mondays, Tuesdays and Thursdays), appellant claimed that he could not have been with her on Tuesdays because on those days he visited his *child* "by my wife", pursuant to his visitation rights. A human leucocyte antigen (HLA) test report placed in evidence stated that the probability of paternity is 99.9% and "practically proved".

In finding that appellant was the father of the subject child,

the trial court found petitioner "very credible"; her answers were "straightforward" and her testimony "very worthy of belief". In contrast, the court found appellant "not credible".

The trial court found beyond a reasonable doubt that the child's birth, on June 21, 1982, was premature. It concluded that even though a finding of paternity requires "clear and convincing evidence", at bar it would make a finding that "beyond a reasonable doubt" appellant is the father of the child.

We have examined appellant's various contentions and find no basis to disturb the orders under review. The determination as to paternity rested basically on a resolution of credibility; the finding of the trial court sitting without a jury is entitled to great weight (see, Nancy V. v Raymond E.C., 75 AD2d 599). We find no reason to disturb the trial court's assessment of credibility and conclude that the testimony, evidence and HLA test result (see, Matter of Department of Social Servs. v Thomas J.S., 100 AD2d 119, appeal dismissed 63 NY2d 675; Matter of Sherry K. v Carpenter, 90 AD2d 687) establish by clear and convincing evidence that appellant is the father of the child. In view of the credited testimony of petitioner that from January 24, 1980 until at least the birth of the child, June 21, 1982, she had no sexual relations with anyone other than appellant, we find no merit to appellant's contention that, because there was a substantial deviation from the gestation period norm, medical evidence was required to establish paternity (cf. Matter of Joanne O. v Andrew H.W., 87 AD2d 615; Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137). Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.