■ In the Matter of DEPARTMENT OF SOCIAL SERVICES on Behalf of MAUD S., Respondent, v RICHARD A., Appellant.—In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an order of support, the appeal is from an order of the Family Court, Westchester County (Facelle, J.), dated June 20, 1985, which, after a hearing, adjudged the appellant to be the father of the child.

Appeal taken as of right dismissed, without costs or disbursements; no appeal lies as of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112; *Matter of Jane PP. v Paul QQ.,* 64 NY2d 15; *Matter of Harstein v Mike S.,* 107 AD2d 684).

The notice of appeal is deemed an application for leave to appeal from the order of filiation dated June 20, 1985. Leave to appeal granted *(see,* Family Ct Act § 1112 [a]).

Upon appeal by permission, order affirmed, with costs.

The appellant's paternity was established by clear and convincing evidence *(see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142). HLA test results indicated that there is a 99.97% probability that the appellant is the child's father. Further, HLA test results combined with testing for other genetic markers indicated a 99.39% likelihood of paternity, and the hearing court credited the testimony of the child's mother as to the essential elements of proof necessary to sustain the petition *(see, Matter of Harstein v Mike S., supra,* p 685).

We have considered the appellant's remaining contentions and find them to be lacking in merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.