In the Matter of CONSTANCE G., Appellant, v HERBERT LEWIS L., Respondent.

Second Department, September 2, 1986

APPEARANCES OF COUNSEL

*Lloyd J. Nadel* for appellant.

*Singer & Garneau (Irving Singer* of counsel), for respondent.

### OPINION OF THE COURT

BRACKEN, J.

In this contested paternity proceeding pursuant to Family Court Act article 5, the Family Court, after a hearing, found that the petitioner had failed to establish paternity by clear and convincing evidence and dismissed the proceeding. Although we are traditionally reluctant to disturb the findings of fact made by a hearing court *(Matter of Joan G. v Robert W.,* 83 AD2d 838), we have reviewed the hearing record and conclude that the hearing court's findings in this case were contrary to the weight of the credible evidence. Therefore, we reinstate the petition and declare paternity.

According to the evidence adduced at the hearing, the petitioner was a married woman living with her husband during the time of probable conception. She gave birth to a male child on August 11, 1980. The petitioner and her husband both testified that they occupied separate bedrooms in the marital residence, and had not had sexual intercourse for approximately four years prior to the date of probable conception or thereafter.

Both the petitioner and the respondent testified to having had an ongoing sexual relationship and to having had sexual intercourse during the time of probable conception. In addition, a petitioner's witness testified that the respondent had admitted paternity of the child in the witness' presence on two occasions. The petitioner also introduced evidence of a life insurance policy on the life of the respondent which designated the child, denominated as the insured's "son", as the primary beneficiary, and the petitioner, denominated as his "son's mother", as the secondary beneficiary, and the respondent admitted that he had purchased and made payments on the policy. Indeed, the respondent conceded in court that there was a possibility that he was the father of the child, and he testified that he had admitted as much to his brother. The record also indicates that, notwithstanding the fact that the petitioner's husband permitted his name to be entered on the child's birth certificate, the respondent had largely assumed the role of father to the child. The petitioner introduced greeting cards signed with the respondent's initials containing endearments to her and, after the birth of the child, addressing her as "mother". The evidence also included photographs

of the respondent with the child on the child's birthday and at Christmas, and the petitioner testified that the respondent visited the child on a regular and frequent basis.

In addition, the petitioner introduced the results of a human leucocyte antigen blood tissue test (hereinafter HLA test) and other blood tests indicating the likelihood of paternity for the respondent to be 99.63%, or "highly probable". However, no test results were produced by either party with respect to the petitioner's husband.

We conclude that the petitioner presented clear and convincing evidence that the respondent is the father of the child (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141-142). Her testimony was credible and withstood challenge on cross-examination. It was corroborated by that of her husband and, to a significant degree, by that of the respondent, as well as by the scientific test results (see, Barber v Davis, 120 AD2d 364, revg sub nom. Matter of Angela B. v Glen D., 126 Misc 2d 646).

The presumption of legitimacy, although one of the strongest and most persuasive known to the law, is nevertheless subject to the sway of reason (Matter of Findlay, 253 NY 1, 7). Stated otherwise, "the presumption will not fail unless common sense and reason are outraged by a holding that it abides" (Matter of Findlay, supra, at p 8). The presumption, which arose in an era when true parentage could not be scientifically ascertained, "was never intended to suppress the truth and perpetuate a falsehood" (Sylvia B. v Ben., 70 Misc 2d 572, 576), and it is rebuttable just as any other presumption in the law (Matter of Findlay, supra, at p 7; Dawn B. v Kevin D., 96 AD2d 922, 923; Matter of Joan G. v Robert W., 83 AD2d 838, 839, supra; Matter of Gorton v Gorton, 123 Misc 2d 1034, 1038).

In the present case, although it is uncontroverted that the petitioner was married and residing in the same home as her husband at the time of probable conception, she adduced competent evidence, through her own unimpeached testimony and that of her husband, of nonaccess (see, Family Ct Act § 531). In addition, both the petitioner and the respondent testified to having had a sexual relationship at all times pertinent to the determination of paternity. While proof that a married woman has engaged in an adulterous relationship may not, without more, be sufficient to rebut the presumption of legitimacy (see, Matter of Mannain v Lay, 33 AD2d 1024,

*affd* 27 NY2d 690; *Matter of Irma N. v Carlos A. F.,* 46 AD2d 893; *Matter of Gray v Rose,* 32 AD2d 994), the proof in this case of recurrent acts of intercourse between the petitioner and the respondent, coupled with the corroborated and unshaken proof negating access by the petitioner's husband, satisfactorily overcame the presumption *(see, Matter of Joan G. v Robert W.,* 83 AD2d 838, *supra; Matter of Iris "GG" v Thomas "HH",* 37 AD2d 1006).

Moreover, an HLA test "is highly accurate on the issue of paternity" *(Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634) and should "be afforded great weight by the Bench and the Bar" *(Matter of Nassar v Lake,* 124 Misc 2d 248). Utilization of HLA and related sophisticated tests can increase the probability of exclusion of paternity to such a high degree as to affirmatively prove paternity where the putative father is not excluded by the test results *(Matter of Department of Social Servs. [Sandra C.] v Thomas J. S.,* 100 AD2d 119, 123, *appeal dismissed* 63 NY2d 675). Even in a case where a third party had access to the mother during the time of probable conception, the HLA test may establish paternity of the putative father *(Matter of Duquette v Edward FF.,* 106 AD2d 694, *lv denied* 65 NY2d 602; *Department of Social Servs. [Janet R.] v Kenneth S. N.,* 120 Misc 2d 453). In this case, the test results indicated that it was "highly probable" that the respondent was the father. Those results, coupled with the uncontroverted testimony of the petitioner and her husband as to their lack of sexual relations, the testimony of the petitioner and the respondent conceding that they had engaged in recurrent sexual relations during the time of probable conception, and the evidence that the respondent had acknowledged paternity since the child's birth, established clearly and convincingly that the respondent is the father of the petitioner's child. The failure of either party to have offered results of the HLA test of the petitioner's husband in no way diminishes the clear and convincing evidence that the respondent is in fact the father.

In light of the foregoing, the order appealed from and the finding of the hearing court should be reversed, the petition should be reinstated, and it should be determined that the respondent is the father of the petitioner's child.

MOLLEN, P. J., LAZER and MANGANO, JJ., concur.

Order of the Family Court, Nassau County, entered February 26, 1985, reversed, on the law and the facts, with costs,

petition granted to the extent that the respondent is adjudicated the father of the subject child, and matter remitted to the Family Court, Nassau County, for a dispositional hearing on the issue of support.

Presiding Justice Mollen has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).