■ In the Matter of BERNADETTE C., Respondent, v JOSSIVAL ST. V., Appellant.—In a paternity proceeding, the appeals are from (1) an order of filiation of the Family Court, Westchester County (Bellantoni, J.), entered August 26, 1985, which, after a hearing adjudged the appellant to be the father of the child in question, and (2) an order of the same court, entered October 18, 1985, which, *inter alia,* directed him to pay $25 per week for the support of the child, pendente lite.

Ordered that the appeal from the order entered October 18, 1985, is dismissed, as it is not an order of disposition and is not appealable as of right *(see,* Family Ct Act § 1112); and it is further,

Ordered that on the court's own motion, the appellant's notice of appeal from the order entered August 26, 1985, is treated as an application for leave to appeal, said application is referred to Justice Rubin and leave to appeal is granted by Justice Rubin *(see,* Family Ct Act § 1112); and it is further,

Ordered that the order entered August 26, 1985, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The findings of a Trial Judge, sitting without a jury, should be accorded great weight and should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence (see, Matter of Constance G. v Herbert Lewis L., 119 AD2d 209; Matter of Susan W. v Amhad Q., 65 AD2d 594, lv denied 46 NY2d 1037). The proof in the present record includes the results of a Human Leucocyte Antigen (HLA) test and a combined genetic marker test, which indicated a probability of paternity of 97.58%. It also includes credible evidence as to the inaccessibility of the petitioner's former husband and the recurrent acts of sexual intercourse that the petitioner had with the appellant during the time critical to the determination of paternity. Such proof was sufficient to rebut the presumption of legitimacy and to support the Trial Judge's finding that the petition had been sustained by clear and convincing evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994; Matter of Constance G. v Herbert Lewis L., supra; Matter of Joan G. v Robert W., 83 AD2d 838).

Contrary to the appellant's further contention, given the fact that the petitioner and her former husband never cohabited during the period of gestation or after the birth of the child, and the fact that the instant proceeding was not brought for the sole purpose of advancing the petitioner's custody or visitation rights, but solely for the support of the child, we find no reason to invoke the doctrine of equitable estoppel against her (cf., Matter of Boyles v Boyles, 95 AD2d 95; State of New York ex rel. H. v P., 90 AD2d 434; Hill v Hill, 20 AD2d 923).

Finally, we reject the appellant's contention that the petition should have been dismissed for failure to join the child and the petitioner's former husband as parties (see, Matter of Cathleen P. v Gary P., 63 NY2d 805; Commissioner of Pub. Welfare v Koehler, 284 NY 260, 266-267). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.