■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of MAUD S., Respondent, v RICHARD A., Appellant.—In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an order of support, the appeal is from an order of the Family Court, Westchester County (Scancarelli, J.), dated November 19, 1985, which, after a hearing, directed the appellant to pay $175 per month toward the support of his minor child to the Westchester County Department of Social Services and to pay an additional sum of $100 per month on arrears of $4,375.

Ordered that the order is affirmed, with costs.

In a prior appeal in this proceeding, this court affirmed an order of the Family Court, Westchester County (Facelle, J.), dated June 20, 1985, which determined that the appellant was the father of the subject child (Matter of Department of Social Servs. v Richard A., 121 AD2d 382). Pursuant to that order, a hearing was held to determine an appropriate order of support of the dependent child. On this appeal, the appellant contends that the petitioner adduced insufficient evidence at the hearing to sustain the order of support. We disagree.

Pursuant to Family Court Act § 415, the petitioner has the burden of proving that the person on whose behalf support payments are sought is a recipient of public assistance, that the appellant is a person charged with his or her support under the statute and that appellant has sufficient financial ability to reimburse the Department of Social Services for payments made to the recipient (Matter of Smith v Smith, 70 AD2d 938). Contrary to the appellant's contention, we find that the petitioner has met this burden of proof and the appellant has failed to rebut the statutory presumption that he is possessed of sufficient means to pay the support ordered (Family Ct Act § 437).

Additionally, we note that the Family Court's rejection of the appellant's objections to the Hearing Examiner's report

which were filed after the time to do so had expired, did not constitute an abuse of discretion (see, 22 NYCRR former part 34). Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.