■ In the Matter of Shirley R., Respondent, v Ricardo B., Appellant.—In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an order of support, the appeal is from an order of the Family Court, Queens County (Torres, J.), dated March 27, 1987, which, after a hearing, adjudged the appellant to be the father of the child.

Ordered that the appeal from the order taken as of right is dismissed, without costs or disbursements, as no appeal lies as of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112; Matter of Jane PP. v Paul QQ., 64 NY2d 15; Matter of Harstein v Mike S., 107 AD2d 684); and it is further,

Ordered that on the court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, Family Ct Act § 1112 [a]); and it is further,

Ordered that upon appeal by permission, the order is affirmed, without costs or disbursements.

In a paternity proceeding, the findings of a hearing court are entitled to great weight and, generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence (see, Matter of Bernadette C. v Jossival St. V., 128 AD2d 774; Matter of Willa S. v Donald R., 116 AD2d 582; Matter of Susan W. v Amhad Q., 65 AD2d 594, lv denied 46 NY2d 1037). The evidence in this case does not compel a different conclusion than that reached by the hearing court. The proof in the record includes the results of a human leucocyte antigen (HLA) test and a combined genetic marker test, which indicated the probability of the appellant's paternity to be 95.53%. The HLA test result of the petitioner's husband, whom she married after she became pregnant, excluded him as the child's father (see, Family Ct Act § 532; Matter of Department of Social Servs. v Thomas J. S., 100 AD2d 119, 123-124). The record also includes the credible testimony of the petitioner that she had no sexual relations with anyone other than the appellant during the time critical to the determination of paternity (see, Matter of Harstein v Mike S., 107 AD2d 684, 685, supra).

We further find that the proof was sufficient to rebut the presumption of legitimacy arising from the petitioner's marriage (see, Matter of Constance G. v Herbert Lewis L., 119 AD2d 209, 211-212) and to support the hearing court's finding that the appellant's paternity had been established by clear and convincing evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994; Ferro v Bersani, 59 NY2d 899; Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137; Matter of Bernadette C. v Jossival St. V., supra, at 775).

In addition, under the circumstances in this case, we find that the hearing court did not improvidently exercise its discretion in refusing to grant the appellant's request for an adjournment (Family Ct Act § 533; Matter of Claburn v Claburn, 128 AD2d 937; cf., Matter of Commissioner of Social Servs. of County of Erie v Thornton, 94 AD2d 974). Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.