■ In the Matter of EVERLYN T., Respondent, v WILLIS CHARLES T., Appellant.—In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, the appeal is from an order of filiation of the Family Court, Nassau County (Ryan, J.), entered March 25, 1988, adjudging him to be the father of the child.

Ordered that the appeal from the order taken as of right is dismissed, without costs or disbursements, as no appeal lies as of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112; Matter of Jane PP. v Paul QQ., 64 NY2d 15; Matter of Harstein v Mike S., 107 AD2d 684); and it is further,

Ordered that on the court's own motion, the applicant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Kooper, and leave to appeal is granted by Justice Kooper (see, Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

As we have previously observed, "[i]n a paternity proceeding, the findings of a hearing court are entitled to great weight and, generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence" (Matter of Shirley R. v Ricardo B., 144 AD2d 472, 473; see, Matter of Bernadette C. v Jossival St. V., 128 AD2d 774). The record reveals that the results of human leucocyte antigen test indicated a 99.96% probability of the appellant's paternity. The foregoing, together with the testimony of the child's mother, which the hearing court credited, established the appellant's paternity by clear and convincing evidence.

The Family Court properly declined to apply the doctrine of equitable estoppel to bar the petitioner's application for an order of filiation, which application, we note, may be made pursuant to statute at any time before the child in question reaches the age of 21 years (see, Family Ct Act § 517). Although courts have invoked the doctrine of estoppel in paternity cases "to protect innocent children from an irreparable

loss of legal rights" *(Matter of Ettore I. v Angela D.,* 127 AD2d 6, 16; *see, Matter of Sharon GG. v Duane HH.,* 63 NY2d 859), no such circumstances are presented in this case. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.