■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JEAN T., Appellant, v ALFRED H., Respondent.—In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals from an order of the Family Court, Westchester County (Tolbert, J.), dated June 19, 1990, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the facts, with costs, the petition is granted to the extent that the respondent is adjudicated the father of the subject child, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

In this contested paternity proceeding, the Family Court determined, after a fact-finding hearing, that the petitioner Westchester County Department of Social Services had failed to establish paternity by clear and convincing evidence. While we ordinarily are reluctant to disturb the findings made by a hearing court (see, Matter of Constance G. v Herbert Lewis L., 119 AD2d 209; Matter of Joan G. v Robert W., 83 AD2d 838), we conclude that the Family Court's dismissal of the petition in this case was contrary to the weight of the competent, credible evidence. Therefore, we reinstate the petition and declare paternity.

According to her hearing testimony, the mother of the infant involved in this proceeding had sexual intercourse with the respondent on August 1, 1986. The mother testified that she had not previously engaged in sexual relations with anyone since April 24, 1986, and on October 28, 1986, she learned that she was pregnant. On May 2, 1987, she gave

birth to a daughter who is the subject of this proceeding. In support of the petition, the results of a human leucocyte antigen blood tissue test were placed in evidence. The test indicated that there was a 99.14% probability that the respondent had fathered the child. Additionally, the mother introduced into evidence her personal calendar, in which she made notations to keep track of her menstrual cycles and her sexual relations. The calendar indicated that her last menstrual period before becoming pregnant began on July 17, 1986, and that she had intercourse with the respondent on August 1, 1986. Furthermore, the mother testified that when she informed the respondent of the pregnancy, he stated that "[h]e would take care of it, he will handle it, we will handle it together". The mother also stated that the respondent visited her at home a few days after the child's birth, expressed a desire "to see his daughter", and offered her food and money. The evidence regarding the respondent's visit and his acknowledgement of paternity was corroborated by the testimony of another hearing witness.

While the respondent denied having engaged in sexual relations with the mother during 1986, he admitted that he met her socially on several occasions and that he viewed the newborn child in the mother's home. On cross-examination, he blurted out that the mother was living with a man at the time the child was conceived, although no question regarding this topic had been put to him. On redirect, and over the petitioner's objection, the Family Court permitted the respondent to testify further regarding his allegation that the mother and another man were cohabiting during the relevant time period.

We agree with the petitioner's contention that the court erred in permitting the respondent to testify as to the presence of another male at the mother's residence, inasmuch as this testimony was never corroborated. Family Court Act § 531 provides in relevant part that "[i]f the respondent shall offer testimony of access by others at or about the time charged in the complaint, such testimony shall not be competent or admissible in evidence except when corroborated by other facts and circumstances tending to prove such access". Since the respondent adduced no additional evidence in support of his claim, his testimony in this regard was inadmissible (see, Matter of Dorn "HH" v Lawrence "II", 31 NY2d 154; Matter of Seeberg v Davis, 84 AD2d 262).

Moreover, in view of the strong scientific, documentary, and testimonial proof adduced by the petitioner, we conclude that paternity was established by clear and convincing evidence

*(see, e.g., Matter of Nancy M. G. v James M.,* 148 AD2d 714; *Matter of Constance G. v Herbert Lewis L., supra; Matter of Moon v Roscoe CC.,* 105 AD2d 485). Accordingly, the order dismissing the petition is reversed, the respondent is adjudicated the father of the subject child, paternity is declared, and the matter is remitted to the Family Court for further proceedings on the issue of support. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.