■ In the Matter of the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KATHY R., Respondent, v JEFFREY M. Appellant. [610 NYS2d 810] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the appeal is from an order of the Family Court, Dutchess County (Bernhard, J.), entered July 12, 1991, adjudging the appellant to be the father of the child.

Ordered that the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* Family Ct Act § 1112); and it is further,

Ordered that the order is affirmed, with costs.

In a paternity proceeding, the findings of a hearing court are entitled to great weight, and, generally, should not be

disturbed on appeal unless they are found to be contrary to the weight of the evidence *(see, Matter of Everlyn T. v Willis Charles T.,* 155 AD2d 546). The results of the human leucocyte antigen test, and other blood genetic marker tests, indicate a 99.97% probability of the appellant's paternity. While not conclusive evidence of paternity, this Court has placed great reliance on such tests as being highly accurate and carrying a high degree of probative value on the issue of paternity *(see, Matter of Nancy M.G. v James M.,* 148 AD2d 714).

The record further contains the unrebutted testimony of the mother that she had no sexual relations with any other man for at least one year prior to, during, or after the time when she had sexual intercourse with the appellant. Additionally, notwithstanding the appellant's denial of any sexual relationship with the mother, the mother's sister witnessed at least one sexual act between the parties during the relevant period, and otherwise corroborated the mother's version of the facts. Thereafter, the child was born in July 1989 within the normal period of gestation *(see, Matter of Case v Robert EE.,* 167 AD2d 567). In the absence of contrary evidence which was credited by the Family Court, the foregoing established the appellant's paternity by clear and convincing evidence *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137). Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.