■ In the Matter of KYRA D. G., Appellant, v JEFFREY W., Respondent. [611 NYS2d 225] —In a proceeding pursuant to Domestic Relations Law article 3-A to establish paternity and for child support, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), dated June 18, 1991, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the facts, with costs, the petition is granted to the extent that the respondent is adjudicated the father of the subject child, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

In this contested paternity proceeding, the Family Court determined, after a fact-finding hearing, that the petitioner

had failed to establish paternity by clear and convincing evidence. While we ordinarily are reluctant to disturb the findings made by a hearing court *(see, Matter of Westchester County Dept. of Social Servs. [Jean T.] v Alfred H.,* 186 AD2d 573; *Matter of Constance G. v Herbert Lewis L.,* 119 AD2d 209; *Matter of Joan G. v Robert W.,* 83 AD2d 838)*, we conclude that the Family Court's dismissal of the petition was contrary to the weight of the competent, credible evidence. The respondent admitted during his testimony that he met the petitioner "around New Years of 1976", began having sexual relations with her "[m]ore than a year" later, and did not use birth control. It is undisputed that the child was born in September 1977. In addition, a human leucocyte antigen blood test (hereinafter HLA test), which was entered into evidence, indicated that there was a 99.73% chance that the respondent had fathered the child. Further, the respondent admitted that he had "thought of the possibility" he was the father, that he had named the child a beneficiary of his life insurance policy, and that a note to the child, which was signed from "Daddy", was in his handwriting. Taking all of the respondent's testimony into consideration, we find that the weight of the evidence clearly and convincingly compels a finding of paternity *(see, e.g., Matter of Westchester County Dept. of Social Servs. [Jean T.] v Alfred H., supra; Matter of Nancy M. G. v James M.,* 148 AD2d 714; *Matter of Constance G. v Herbert Lewis L., supra).*

We further note that Domestic Relations Law § 37 (5) did not require the presence of the petitioner, who was a Maryland resident, at the hearing, since that statute provided the hearing court with the discretion to decide the issue of paternity in her absence. Indeed, in light of the respondent's testimony and the HLA test, her presence was not necessary *(cf., Matter of Diana A. v Gary J. G.,* 192 AD2d 706). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.