■ In the Matter of JOHN J. ALLEN, on Behalf of MARCELLINE O., Respondent, v LAWRENCE P., JR., Appellant. [617 NYS2d 528] —In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an order of support, the father appeals from an order of the Family Court, Westchester County (Braslow, J.), entered May 8, 1993, which denied his objections to an order of the same court (Edlitz, H.E.), dated January 25, 1993, directing him to pay, *inter alia,* child support of $155 per week.

Ordered that the order is affirmed, with costs.

In a paternity proceeding, the findings of the hearing court are entitled to great weight and, generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence *(see, Matter of Everlyn T. v Willis Charles T.,* 155 AD2d 546). Here, the results of the human leucocyte antigen test and other blood marker tests indicate a 99.72% probability of the appellant's paternity. Although not conclusive with regard to the issue of paternity, these results are highly probative *(see, Matter of Nancy M. G. v James M.,* 148 AD2d 714) and, coupled with the petitioner's testimony, which was found to be credible by the hearing court and which contains the essential elements of proof necessary to sustain the petition, establish the appellant's paternity by clear and convincing evidence *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142; *Matter of Department of Social Servs. v Richard A.,* 121 AD2d 382).

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.