■ In the Matter of J. BRADFORD BLANCARD, Appellant, v EDWARD P., Respondent. [623 NYS2d 285] —In a proceeding pursuant to Family Court Act article 5, *inter alia,* to establish paternity, the petitioner appeals from an order of the Family Court, Orange County (Ludmerer, J.), dated September 20, 1993, which dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is granted to the extent of adjudging the respondent to be the father of the subject child, and the matter is remitted to the Family Court, Orange County, for a dispositional hearing on the issue of support.

On May 13, 1990, the mother gave birth to a child out of wedlock. At a hearing on this matter, the petitioner introduced the results of a human leucocyte antigen (hereinafter HLA) test indicating a 99.9% likelihood of paternity of the respondent. Although there was also testimony at the hearing from the mother that, on one occasion, she engaged in sexual relations with the respondent's cousin, she was not able to specify the time of the occurrence except to the limited extent of indicating that it had taken place in the summer of 1989.

We conclude that the HLA test results established by clear and convincing evidence that the respondent is the father of the subject child (see, Matter of Nancy M. G. v James M., 148 AD2d 714).

While it is true that proof of sexual relations with others "during the critical time period", even when coupled with a very high probability HLA test result, may cause an insufficiency of proof (Matter of Amy J. v Brian K., 161 AD2d 1022), in this case, the vagueness of the mother's testimony as to the precise date on which she engaged in sexual relations with the respondent's cousin precludes a finding that it occurred during "the critical time period". Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.