◼ In the Matter of Karen B., Respondent, v Julio Frederic C., Appellant. [629 NYS2d 485] —In a proceeding pursuant to Domestic Relations Law article 3-A, the appeal is from an order of the Family Court, Queens County (De Phillips, J.), dated November 16, 1993, which, after a hearing, adjudged the appellant to be the father of the child.

Ordered that the appeal from the order taken as of right is dismissed, without costs or disbursements, as no appeal lies as of right from an order of filiation entered in a proceeding in which an order of support is requested (Family Ct Act § 1112; *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15; *Matter of Evelyn T. v Willis Charles T.*, 155 AD2d 546; *Matter of Harstein v Mike S.*, 107 AD2d 684); and it is further,

Ordered that on the court's own motion, the notice of appeal is deemed an application for leave to appeal and leave to appeal is granted (*see,* Family Ct Act § 1112 [a]); and it is further,

Ordered that on appeal by permission the order is affirmed, without costs or disbursements.

We reject the appellant's contention that the court erred in failing to require the petitioner to be present at the paternity hearing. The petitioner's evidence consisted of her paternity petition, along with a supporting affidavit, the results of an HLA blood test which indicated a 99.52% probability of the appellant's paternity, and a DNA test which indicated a 99.99% probability of the appellant's paternity. While the appellant

denied paternity, the Family Court found his testimony to be not credible. Under these circumstances, the petitioner's presence was not necessary (see, Domestic Relations Law § 37 [5]; *Matter of Kyra D. G. v Jeffrey W.*, 203 AD2d 569). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.