■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of ANDREA F., Appellant, v KEVIN Y., Respondent. [635 NYS2d 248] —In a proceeding pursuant to Family Court Act article 5 to establish paternity and for child support, the appeal is from an order of the Family Court, Orange County (Bivona, J.), dated April 5, 1994, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the facts, without costs or disbursements, the petition is granted to the extent of adjudging the respondent to be the father of the subject child, and the matter is remitted to the Family Court, Orange County, for a hearing on the issue of support.

The child Charles F., who is the subject of this proceeding, was born on June 30, 1993. The mother of the infant was not married. At the hearing on the paternity petition, the mother testified that the respondent was the child's father, and she had unprotected sexual intercourse with him on numerous occasions beginning in July 1991, when she was 18 years old. Their sexual relationship continued until she discovered that she was pregnant with Charles F. Although the mother's testimony indicated that she was somewhat confused as to the month the child was conceived, her testimony was clear and unwavering that the respondent was the only person with whom she had sexual relations during the relevant time period.

The respondent admitted that he had sexual intercourse with the mother from July 1991 to September 1992, and he did not contradict her testimony that their relationship ended when she discovered that she was pregnant. He further stated that he used a birth control device on only one occasion. The respondent's uncorroborated testimony that the mother had sexual intercourse with someone else on one occasion between July 1991 and September 1992 was properly ruled inadmissible *(see, Matter of Dorn "HH" v Lawrence "II",* 31 NY2d 154; Family Ct Act § 531).

A paternity petition must be established by clear and convincing evidence, that is, "evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" *(Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141-142). While this Court will not ordinarily disturb findings made by a Family Court which involve the credibility of witnesses *(see, Matter of Westchester County Dept. of Social Servs. v Alfred H.,* 186 AD2d 573), we conclude that the Family Court's dismissal of the petition in this case is contrary to the weight of the evidence.

The respondent's testimony essentially corroborated that of the mother, and the innuendo of access to the mother by another was insufficient to overcome the direct evidence of paternity *(see, e.g., Matter of Commissioner of Social Servs. of Erie County v Simons,* 87 AD2d 993). The Family Court did not base its decision on a finding that the mother's testimony was incredible but instead gave undue weight to the absence of the results of blood grouping tests *(see,* Family Ct Act § 532 [a]). At the commencement of the hearing, the petitioner's attorney advised the court that the results of blood grouping tests would not be available from the laboratory for another month. Although, as the court indicated in its decision, such tests were requested by the respondent, he did not request an adjournment of the hearing for the purpose of obtaining the test results. We conclude that, in view of the mother's unrebutted testimony, the petitioner met its burden of proof despite the lack of blood grouping tests. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.