■ In the Matter of BETTY O., Respondent, v JOSEPH O., Appellant. [635 NYS2d 66] —In a proceeding pursuant to Family

Court Act article 5 to establish paternity and for an order of support, the appeal is from an order of the Family Court, Suffolk County (Snellenburg, J.), entered June 29, 1994, which, after a hearing, adjudged the appellant to be the father of the petitioner's child.

Ordered that the order is affirmed, with costs.

In a paternity proceeding, the findings of a hearing court are entitled to great weight and, generally, should not be disturbed on appeal unless they are found to be contrary to the weight of the evidence (see, Matter of Everlyn T. v Willis Charles T., 155 AD2d 546).

The record reveals that the results of the human leukocyte antigen tests that were conducted in this case indicate a 99.89% probability that the appellant is the father of the petitioner's child. While not conclusive evidence of paternity, this Court has placed great reliance on such tests as being highly accurate and carrying a high degree of probative value on the issue of paternity (see, Matter of Nancy M. G. v James M., 148 AD2d 714). Moreover, the record contains the unrebutted testimony of the petitioner that she did not have sexual relations with any men other than the appellant for at least one year prior to the birth of the child or during the time when she had sexual relations with the appellant and that, during the same period, she did not use any form of birth control. Moreover, the appellant did not testify in his own behalf, which allowed the court to draw the strongest inference against him that the opposing evidence in the record permits (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141). In the absence of any contrary evidence, the petitioner established the appellant's paternity by clear and convincing evidence (see, Matter of Commissioner of Social Servs. v Philip De G., supra). Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.