■ In the Matter of DARLA E., Respondent, v BARRY F., Appellant. [635 NYS2d 715] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Tepedino, J.H.O.), entered December 16, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.*

The record fully supports Family Court's determination that respondent is the natural father of petitioner's child born on May 6, 1988. While respondent denied anything more than a mere casual acquaintanceship with petitioner based solely upon their independent frequenting of the same tavern over a period of years, and claimed that he had not even seen petitioner in the year preceding her pregnancy, the court specifically found that respondent's testimony was not credible. The results of genetic testing, which included the human leukocyte antigen (HLA) blood test, indicated that the probability of respondent being the child's father is 99.99% within the North American Caucasian population and provides strong evidence of paternity. The blood test proof coupled with petitioner's extensive and detailed answers to respondent's interrogatories, which were admitted into evidence without objection, provide the clear and convincing evidence necessary to establish paternity.

---

* As there is no appeal as of right from an order of filiation in a proceeding in which an order of support is sought, the Court on its own motion deems the notice of appeal as an application for leave to appeal and leave to appeal is granted (Family Ct Act § 1112 [a]; *see, Matter of Jane PP. v Paul QQ.*, 64 NY2d 15; *Matter of Harvey-Cook [Margaret W.] v Kevin X.*, 204 AD2d 793, 794).

Respondent, having failed to object to the admission of the blood test results on grounds other than the refusal of Family Court to order petitioner to pay the expense of a third blood test desired by respondent, cannot now challenge the adequacy of the test's foundation (*see, Matter of Helen NN. v Daniel OO.*, 187 AD2d 860; *Matter of Clovsky v Stanley VV.*, 176 AD2d 419, *lv denied* 79 NY2d 753). In any event, we reject respondent's argument that the test records were not properly certified in accordance with CPLR 4518 (c) (*see, Matter of Stone [Chilinski] v Ilardo*, 191 AD2d 965). Respondent's contention that Family Court erred in failing to require petitioner, a Florida resident, to personally testify at the hearing has no merit (*see,* Domestic Relations Law § 37 [5]; *Matter of Karen B. v Julio C.*, 217 AD2d 658, 658-659; *Matter of Kyra D. G. v Jeffrey W.*, 203 AD2d 569, 570).

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.