■ In the Matter of NELSON L., Respondent, v CHARO A., Also Known as MARIA A. et al., Appellants. [637 NYS2d 789] —In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from an order of filiation of the Family Court, Queens County (De Phillips, J.), dated September 29, 1994, which declared the petitioner to be the father of the child who is the subject of the proceeding.

Ordered that the order is affirmed, with costs.

We find that the petitioner established by clear and convincing evidence that he is the father of the child in question *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994) and that he successfully rebutted the presumption of legitimacy arising from the appellants' marriage *(see, Matter of Department of Social Servs. [Sandra C.] v Thomas J. S.,* 100 AD2d 119, 126). The proof in the record includes the results of human leukocyte antigens tests (hereinafter HLA tests) which indicate that the probability that the petitioner is the father of the child in question is 99.65%. In addition, the mother of the child admitted that she had sexual intercourse with the petitioner. Although the mother testified that she had sexual intercourse with the petitioner approximately two weeks before the estimated date of the child's conception, the petitioner testified to the contrary. This credibility issue was determined in favor

of the petitioner, and that determination is entitled to great weight on appeal since it is not contrary to the weight of the evidence *(see, Matter of Shirley R. v Ricardo B.,* 144 AD2d 472).

Contrary to the appellants' contention, under the circumstances of this case, the Family Court did not improvidently exercise its discretion by waiting until after it had received the results of the HLA tests before appointing a Law Guardian.

We have examined the appellants' remaining contention and find that it does not warrant reversal. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.