■ In the Matter of DEBRA J., Respondent, v TROY G., Appellant. [644 NYS2d 540]

Contrary to the appellant's contention, the record unequivocally demonstrates that the petitioner established paternity by clear and convincing evidence, and we discern no basis for disturbing the hearing court's determination in this regard *(see, e.g., Matter of Allen [Marcelline O.] v Lawrence P.,* 208 AD2d 721; *Matter of Dutchess County Dept. of Social Servs. [Kathy R.] v Jeffrey M.,* 202 AD2d 581). The court carefully weighed the relative credibility of the parties' testimony in its decision, and there is no suggestion in the record that the highly probative HLA test results *(see, Matter of Blancard v Edward P.,* 212 AD2d 784; *Matter of Nancy M. G. v James M.,* 148 AD2d 714), which indicated a 99.85% probability of paternity, were accorded undue weight by the hearing court *(see, Matter of Niagara County Dept. of Social Servs. [Kimmie W.] v Randy M.,* 206 AD2d 878; *Matter of Commissioner of Social Servs. of Saratoga County [Jo W.] v David X.,* 186 AD2d 871; *Matter of Erin Y. v Frank Z.,* 163 AD2d 636).

The issues currently advanced by the appellant with respect to the admissibility of certain photographs and the lack of medical evidence regarding the premature birth of the child are improperly raised for the first time on appeal *(see, e.g., Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877) and, in any event, are without merit *(see, Matter of Taiwana Y. v Benjamin Z.,* 204 AD2d 790; *Matter of State of Utah [Pamela WW.] v Robert XX.,* 203 AD2d 648; *Matter of Willa S. v Donald R.,* 116 AD2d

582). Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.