■ In the Matter of ANGELA L., Respondent, v EDWARD B., Appellant. [654 NYS2d 418] —In a proceeding pursuant to Domestic Relations Law article 3-A to establish paternity and for child support, Edward B. appeals, by permission, from (1) an

order of the Family Court, Queens County (Gage, J.), dated July 31, 1995, which, after a hearing, adjudged him to be the father of the subject child, and (2) an interim order of the same court, dated August 31, 1995, which directed him to pay temporary child support.

Ordered that the orders are affirmed with costs.

We reject the appellant's contention that the petitioner failed to establish his paternity by clear and convincing evidence. The proof in the record includes the results of a human leukocyte antigen (hereinafter HLA) test, which indicates that the probability that the appellant is the father of the subject child is 98.96%. In addition, the petitioner credibly testified that both she and the appellant engaged in unprotected sex on one occasion in the middle of May 1977, and that she had sex with no other man during the critical period, testimony which was not rebutted by the appellant. The petitioner's obstetrician-gynecologist testified that she estimated the date of conception to be June 5, 1977, with a one- to two-week margin of error. The date of conception need not be established to a medical certainty in order to determine paternity (*see, Nancy M. G. v James M.,* 148 AD2d 714, 716; *see also, Matter of Margie L. v Gary M.,* 50 AD2d 1009). The testimony of the petitioner's obstetrician-gynecologist was consistent with the petitioner's testimony, placing the date of conception at about the time she and the appellant engaged in sexual intercourse (*see, Matter of Beaudoin v Robert A.,* 199 AD2d 842, 843). The inconsistencies between the testimony of the parties were resolved by the Family Court in favor of the petitioner, a determination which is entitled to great weight on appeal (*see, Matter of Shirley R. v Ricardo B.,* 144 AD2d 472; *Matter of Denise H. v John C.,* 135 AD2d 816, 816-817). The petitioner has established the appellant's paternity by clear and convincing evidence (*see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142; *Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *see also, Matter of Anne R. v Estate of Francis C.,* 234 AD2d 375; *Matter of Department of Social Servs. [Andrea F.] v Kevin Y.,* 222 AD2d 504).

We reject the further contention of the appellant that the court erred in admitting the results of the HLA test. The HLA test results were properly certified by an employee of the testing laboratory delegated the task of certifying HLA test results and was therefore properly received into evidence (*see,* CPLR 4518 [c]).

The appellant's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.