■ In the Matter of LYSSA G., Appellant, v ANTHONY H., Respondent. [660 NYS2d 38] —In a proceeding seeking a declaration of paternity and child support pursuant to the Uniform Support of Dependents Law (Domestic Relations Law § 30 *et seq.*), the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated December 7, 1995, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the facts, with costs, the petition is granted, the respondent is declared the father of the subject child, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

It is well settled that paternity must be established by clear and convincing evidence creating a genuine belief that the respondent is the father of the child (*see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15; *Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137). While the results of the human leukocyte antigen (hereinafter HLA) test are not conclusive, they are highly probative on the issue of paternity (*Matter of Betty O. v Joseph O.,* 222 AD2d 508, 509; *Matter of Department of Social Servs. [Andrea F.] v Kevin Y.,* 222 AD2d 504; *Matter of Nancy M. G. v James M.,* 148 AD2d 714). Here the HLA test showed a probability of paternity of 99.91%. While this Court will not ordinarily disturb findings made by a Family Court which involve the credibility of witnesses (*see, Matter of Westchester County Dept. of Social Servs. [Jean T.] v Alfred H.,* 186 AD2d 573), we conclude that the Family Court's dismissal of the petition in this case is contrary to the weight of the evidence. The respondent produced insufficient credible evidence to overcome the presumption of paternity (*see,* Family Ct Act § 532 [a]). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.