■ In the Matter of VICKI MEAD, Appellant, v JOHN NEZOLO-SKY, Respondent. [683 NYS2d 270] —In a proceeding pursuant to Domestic Relations Law former article 3-A to establish paternity and for child support, the petitioner appeals from an order of the Family Court, Nassau County (Pessala, J.), dated November 3, 1997, which dismissed the proceeding.

Ordered that the order is reversed, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The petitioner, a Texas resident, commenced this proceeding under the former Uniform Support for Dependents Law (Domestic Relations Law former art 3-A) to establish that a New York resident was the father of her child, and to obtain child support. Although a court-ordered blood genetic marker test revealed a 99.84% probability of paternity, the Family Court dismissed the proceeding based upon the petitioner's failure to personally appear in court. We now reverse.

Pursuant to the statutory scheme in effect at the time the petitioner commenced this proceeding, where a respondent "asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous", the court may nevertheless adjudicate the issue of paternity "[if] the proof required in the case indicates that the presence of either or both of the parties is not necessary" (Domestic Relations Law former § 37 [5]). The statute also gives the court in the responding State the option of adjourning the hearing to permit the petitioner to give testimony and be examined in a court in her home State (*see,* Domestic Relations Law former § 37 [6]-[8]). Under the circum-

stances of this case, the Family Court erred in dismissing the proceeding instead of taking testimony to determine whether the respondent's defense was nonfrivolous and whether the proof of paternity was so strong that the petitioner's presence was not necessary (*see, Matter of Darla E. v Barry F.,* 222 AD2d 857; *Matter of Karen B. v Julio Frederic C.,* 217 AD2d 658; *Matter of Kyra D. G. v Jeffrey W.,* 203 AD2d 569), or affording the petitioner the opportunity to testify in the court of the initiating jurisdiction. Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.