■ In the Matter of VELA CORBETT, Appellant, v DAVID CORBETT, Respondent. [698 NYS2d 707] —In a child support proceeding pursuant to Domestic Relations Law former article 3-A, the appeal is from an order of the Family Court, Queens County (Fitzmaurice, J.), dated July 30, 1997, which dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

This proceeding under the former Uniform Support for Dependents Law (Domestic Relations Law former art 3-A, repealed and replaced by Uniform Interstate Family Support Act [Family Ct Act art 5-B]) was commenced on behalf of the mother, an Alabama resident, in order to obtain child support from the respondent, a New York resident. Although the respondent did not dispute that he and the mother were married when the subject child was born, he alleged that the mother told him he was not the child's father. The Family Court ordered the mother to appear in the proceeding and, when she failed to appear, dismissed the petition.

We reverse and reinstate the petition. Pursuant to the statutory scheme in effect at the time the proceeding was commenced, the Family Court was required to notify the initiating State, the State of Alabama, of the respondent's defense, and

permit the mother to give testimony in a court in Alabama (*see,* Domestic Relations Law former § 37 [6]-[8]; *Matter of Mead v Nezolosky,* 256 AD2d 347; *Matter of Utah [Pamela W.] v Robert XX.,* 203 AD2d 648). The Family Court also had the authority to notify the initiating State that blood tests of the mother and the child were required, and to order the respondent to submit to a blood test (*see,* Domestic Relations Law former § 37 [19]). If the proof indicated that the presence of either or both of the parties was not necessary, the Family Court could adjudicate the issue of paternity (*see,* Domestic Relations Law former § 37 [5]; *Matter of Mead v Nezolosky, supra*; *Matter of Darla E. v Barry F.,* 222 AD2d 857; *Matter of Karen B. v Julio Frederic C.,* 217 AD2d 658; *Matter of Kyra D.G. v Jeffrey W.,* 203 AD2d 569). Under the circumstances, the Family Court erred in dismissing the petition based on the mother's failure to appear personally without first affording her the opportunity to testify in the Alabama court (*see, Matter of Mead v Nezolosky, supra*). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.