OPINION OF THE COURT
Jeffry H. Gallet, J.
Respondent objects to the order of support entered on March 6, 1991. (Eileen P. Schnabel, H.E.) The objections are denied and the order is affirmed.
The record here presents no dispute as to the finances of *10 either party or the child’s needs. Based on the evidence before her, the Hearing Examiner appropriately applied the Child Support Standards Act and entered a support order of $570 per month against the respondent. (Family Ct Act § 413.) The Hearing Examiner properly rejected the respondent’s argument that he was currently spending all of his income on himself and that, in essence, he would have to reduce his standard of living in order to pay child support. Indeed, most parents reduce their standards of living in order to support their children. On this record, the respondent has failed to show that given his circumstances the order of support was either unjust or inappropriate. (Family Ct Act § 413 [1] [f], [g].)
As part of his objections to the order, the respondent attempts to introduce evidence which was not presented to the Hearing Examiner. This brings into question the nature of objections to support orders.
Surprisingly, there appears to be little case law on the nature of objections to a Hearing Examiner’s order of support and the standards which should be used to determine them. Family Court Act § 439 (e), which authorizes the filing of "objections” to a Hearing Examiner’s "final order” of support, is only minimally helpful.
In New York County, child support cases are tried before a Hearing Examiner. (Family Ct Act § 433 [b]; §§ 439, 439-a.) Support trials are conducted on the record, in accordance with the rules of evidence, by a Hearing Examiner authorized to issue subpoenas and are terminated by the issuance of findings of fact and a final order of support, the violation of which subjects one to being found in contempt of court. (Family Ct Act § 439.) In addition to being fined or imprisoned for contempt of an order of support, the person against whom a final order is issued is subject to the entry of a money judgment, an income deduction order, an order requiring the posting of an undertaking and/or an order sequestering property. (Family Ct Act § 454.)
It would appear that the objections to a Hearing Examiner’s final order are, essentially, equal to an appeal to the County Court from an order of a Justice, Town or Village Court in the Third or Fourth Departments or of a Housing Judge to the Appellate Term in the First and Second Departments. Indeed, when the Housing Court Act (CCA 110) was originally eh- *11 acted, Housing Judges were referred to as Hearing Officers. (See, Glass v Thompson, 51 AD2d 69 [2d Dept 1976].)[2]
The County Court, like Family Court, is a court of original jurisdiction but in the exercise of its appellate jurisdiction its powers are deemed coextensive with the Appellate Term. (See, Siegel, NY Prac § 529.)
Except where the statutes governing procedure in these lower courts otherwise provide, the rules of practice of CPLR article 55 obtain. (See, e.g., CCA 1703; UDCA 1703.) Article 55 is equally applicable to objections to final orders of support.
Hence, by analogy, the determination here is limited to review of the trial record and the proffered new evidence was not considered. It is inappropriate to introduce new evidence for the first time as part of an appellate proceeding. (Arvantides v Arvantides, 106 AD2d 853, 854 [4th Dept 1984], affd as mod on other grounds 64 NY2d 1033 [1985]; Matter of Lahrs v Lahrs, 158 AD2d 944 [4th Dept 1990].)
There is clear legislative intent that the entire case was meant to be tried before the Hearing Examiner prior to the issuance of a final order of support. To hold otherwise would make a Hearing Examiner’s final order of support something less than final. (Family Ct Act § 439 [e].)
Accordingly, the order is affirmed, without prejudice to any right which the respondent might have to move before the Hearing Examiner to modify her order.

. The Glass court, holding that trying summary proceedings before Hearing Officers in the Civil Court’s Housing Part was constitutional, analogized the trials before Hearing Officers to those before Referees under CPLR article 43.