■ In the Matter of REGINA STANZIANO, Respondent, v STEVEN STANZIANO, Appellant. [652 NYS2d 824] —Peters, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered January 6, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for failure to pay child support.

As a result of a determination rendered by a Hearing Examiner on August 30, 1994 which found, *inter alia,* that respondent had willfully failed to comply with a lawful order of support, a confirmation hearing was held before Family Court.* At such hearing, respondent, represented by counsel, presented the testimony of John Cetner, a physician specializing in family practice, and James Thalmann, a psychologist. Both opined, for varying reasons, that respondent was unable to be gainfully employed. Finding that Cetner's testimony was devoid of merit and that Thalmann's testimony simply established that respondent was not incapable of gainful employment, Family Court concluded that respondent's failure to comply with the order of support was willful. Family Court thus imposed a 180-day sentence for civil contempt.

Respondent now appeals, contending that Family Court's finding of willfulness is against the weight of the evidence. He notes the testimony of Cetner which described his physically disabling conditions as including chest pain, irritable bowel syndrome, rectal incontinence, recurring lower-back pain and the psychological condition of anxiety neurosis for which he received regular prescriptions of valium, a single recommendation for counseling and blood pressure medication. Cross-examination revealed, however, that Cetner diagnosed respondent's physical ailments based solely upon his subjective complaints after all examinations and tests produced negative results.

Thalmann's testimony revealed no organic basis for respon-

---

* In light of respondent's failure to produce competent proof supporting his claim of disability coupled with the objections raised to the Hearing Examiner's finding of willfulness and the recommendation for incarceration, Family Court directed that a hearing be held whereby respondent would be given the opportunity to present medical evidence.

dent's difficulties yet did disclose that he had a very high IQ and a delusional preoccupation with his physical health, despite the lack of objective evidence. He further found respondent to be "seething" with anger without particular cause, characterizing him as self-defeating and oppositional. As a result of these personality traits, Thalmann opined that it would be difficult for respondent to sustain gainful employment.

Notwithstanding the personality disorder described, Thalmann agreed that respondent would be able to be employed in certain situations. Based upon letters written to petitioner describing his willingness to pay support as well as the amount and, at times, the value of the gifts with which he showered his daughter, Family Court declined to accept Thalmann's conclusion that respondent's psychological problems established either a total disability or a basis for excusing his failure to pay child support.

With respondent's contentions focusing not only on the weight of the evidence but also the credibility of his experts, we conclude that there is ample evidence to support the order of Family Court. The court had the unique opportunity of seeing such witnesses and weighing their credibility. Hence, its conclusions will remain undisturbed unless they cannot be upheld by any fair interpretation of the evidence (*see, Matter of Liccione v John H.*, 65 NY2d 826; *Matter of Bogert v Rickard*, 199 AD2d 587).

As to respondent's allegation of prejudice occasioned by the nature of Family Court's questioning, such issue is not preserved for our review (*see, Osborne v Schoenborn*, 216 AD2d 810). Had it been so, we would still find no error since the court asked questions to clarify the witnesses' testimony (*see, People v Jamison*, 47 NY2d 882; *People v Pavel*, 163 AD2d 834, *lv denied* 76 NY2d 862).

Accordingly, the order of Family Court is affirmed in its entirety.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

