Charlene H. v Charles K. (2004 NY Slip Op 50818(U))

[*1]

Charlene H. v Charles K.

2004 NY Slip Op 50818(U)

Decided on July 7, 2004

Family Court, Erie County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2004

Family Court, Erie County
Charlene H., Petitioner, -vs
against
Charles K., Respondent.
F-01412-95/04A

Rosalie S. Bailey, J.
Respondent Charles K. objects to an upward modification of a child support order entered by Support Magistrate John Aman at Erie County Family Court on April 27, 2004. Respondent filed written objections in compliance with Section 439 (e) of the New York Family Court Act [hereinafter "Section 439 (e)"], which were entered at Erie County Family Court on May 20, 2004. Petitioner Charlene H. filed no rebuttal in response to Respondent's written objections within the 13-day time-frame outlined in Section 439 (e). That time-frame having elapsed on June 2, 2004, the objections now come before this Court for determination pursuant to Section 439 (e). After careful consideration, this Court denies Respondent's objections.
Petitioner and Respondent are the parents of Christina H., born September 26, 1994. The parties married in 1999, and are now in the process of divorcing. Petitioner has care and custody of Christina, and they live in Buffalo, New York. Respondent has lived in Charlotte, North Carolina, since 2001. On March 6, 1995, Support Magistrate Aman issued an order of support [hereinafter "1995 Order"] requiring Respondent to pay $25 per month in child support for the care of Christina. On December 30, 2003, Petitioner filed for a modification of the 1995 Order, claiming Respondent had "significantly increased his income." After a hearing on April 23, 2004 [hereinafter "April 23 hearing"], in which Respondent participated by telephone, Support Magistrate Aman issued a modification of the 1995 Order from $25 per month to $96.61 per week, effective from the December 30, 2003 filing date.
In his written objections, Respondent objects to the upward modification order on the grounds that he is currently unemployed and unable to manage the greater support obligations. More specifically, he claims that he is prohibited from working at the moment because deportation proceedings involving him are currently underway. Respondent says that he "will be glad to pay [the $96.61 per week in support] as soon as my case is resolved with [the Immigration and Naturalization Service]."
Respondent made no mention of these deportation proceedings, or their effect on his employability, during the April 23 hearing. This was not due to lack of opportunity - indeed, Support Magistrate Aman clearly consulted both parties, and even asked whether there was "anything else" they felt he ought to consider. Instead, Respondent stated during the April 23 [*2]hearing that he could not manage an upwardly-modified support order because he was laid off from his job at Bank of America in Charlotte in January 2004, and his new job is based on commission and therefore earns him less. In other words, then, the written objections Respondent filed constitutes the first time Respondent brought up his residency status as a factor for the Court's consideration.
Section 439 (e) states that a Family Court ruling on objections to a Support Magistrate's final determination may follow one of three possible courses. The Court may remand one or more issues of fact to the Support Magistrate; make its own findings of fact and its own order, with or without an additional hearing; or deny the objections altogether. In Green v. Wron, 151 Misc. 2d 9, 571 N.Y.S. 2d 193 (Fam. Ct., New York Cnty., 1991) the respondent, objecting to the order of a Hearing Examiner, attempted "to introduce evidence which was not presented to the Hearing Examiner." In that case, the Family Court of New York County held that a Family Court "is a court of original jurisdiction but in the exercise of its appellate jurisdiction its powers are deemed coextensive with the Appellate Term." Reasoning that "[i]t is inappropriate to introduce new evidence for the first time as part of an appellate proceeding," the Court limited its review to the trial record and denied the respondent's objections.
Green stands for the principle that an appellate court may not consider evidence that does not form part of the trial record. Respondent had ample opportunity at the April 23 hearing to bring his residency status to the attention of Support Magistrate Aman as a reason to deny Petitioner's request. He did not do so. This Court will not now defy precedent and change Support Magistrate Aman's order on the basis of evidence not previously offered.
Furthermore, Respondent has not put forth any additional reason for this Court to alter Support Magistrate Aman's order. In Weiner v. Weiner 97 Misc.2d 920, 412 N.Y.S.2d 776 (Fam. Ct., Monroe Cnty., 1979), the Family Court of Monroe County held that "[i]n cases where the [Support Magistrate] has properly exercised jurisdiction, pursuant to section 439 of the Family Court Act and the order of referral, the findings, as contained in the [Support Magistrate's] report, should not be rejected unless contrary to the weight of the credible evidence or in error as a matter of law." Ordinarily, as Support Magistrate Aman pointed out during the April 23 hearing, the size of a child support order will depend, inter alia, on the parties' income. Respondent's income is difficult to assess. Support Magistrate Aman nonetheless deemed an upward modification order appropriate because, on the basis of the record and the parties' testimony, "the Respondent can earn $32,000 annually, that which the Petitioner earns." This Court finds no way in which this amount stands either in contrast to the weight of the credible evidence or in error as a matter of law. The modification takes into account the needs of the parties' child, Respondent's employment status, and the dictates of the Child Support Standards Act.
In light of the forgoing, this Court denies Respondent Charles K.'s objections to Support Magistrate John Aman's upward modification order of April 27, 2004, pursuant to Section 439 (e) of the Family Court Act.
It is, therefore,
ORDERED, that the Respondent's objections are denied.
This constitutes the decision and order of this Court. Submission of an order by the parties is not necessary. The mailing of a copy of this Decision and Order by this Court shall not constitute notice of entry.
[*3]
Dated: July 7, 2004
Buffalo, New York_________________________
ROSALIE S. BAILEY
Family Court Judge