■ In the Matter of SHONDEL JACKSON, Respondent, v MARK DeSOUZA, Appellant. [795 NYS2d 260]—In a proceeding pursuant to Family Court Act article 5, inter alia, to establish paternity and for child support, Mark DeSouza appeals from (1) an order of the Family Court, Kings County (Mayeri, S.M.), dated October 20, 2003, which awarded child support to the petitioner retroactive to August 23, 2000, and (2) an order of the same court (Weinstein, J.), dated February 16, 2004, which denied his objections to the order dated October 20, 2003.

Ordered that the appeal from the order dated October 20, 2003, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 16, 2004; and it is further,

Ordered that the order dated February 16, 2004, is affirmed, without costs or disbursements.

Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party." In the instant case, the appellant served his objections to the order dated October 20, 2003, awarding child support, upon the former assigned counsel for the petitioner and not upon the petitioner. The petitioner's former assigned counsel had not appeared on behalf of the petitioner at the hearing to determine support (*cf. Matter of Etuk v Etuk,* 300 AD2d 483, 484 [2002]). At the hearing to determine support, the petitioner had appeared pro se.

In any event, the appellant's contentions are without merit. The Family Court properly awarded child support retroactive to the date the petition was initially filed (*see* Family Ct Act § 545). The appellant's challenges to the paternity determination were previously raised and decided against him or could have been raised on a prior appeal (*see Matter of Jackson v DeSouza,* 6 AD3d 437 [2004]). "Therefore, reconsideration of these issues is barred by the doctrine of law of the case" (*Palumbo v Palumbo,* 10 AD3d 680, 682 [2004]). S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.