Matter of L.T. v D.T. (2005 NY Slip Op 51531(U))

[*1]

Matter of L.T. v D.T.

2005 NY Slip Op 51531(U) [9 Misc 3d 1113(A)]

Decided on September 20, 2005

Family Court, Westchester County

Duffy, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 20, 2005

Family Court, Westchester County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act L.T., Petitioner,
against
D.T., Respondent.
F-3762-00/05I

Colleen D. Duffy, J.
On April 7, 2005, the Petitioner filed a violation petition alleging that the Respondent wilfully failed to comply with his child support obligation. On May 17, 2005, the parties appeared before the Support Magistrate. The Petitioner appeared self-[*2]represented, the Respondent appeared via telephone and was represented by counsel. At the hearing, a representative of the Westchester Child Support Collection Unit (SCU) was also present. The Support Magistrate found that the Respondent failed to comply with his child support obligation, but that such a failure was not wilful and set arrears in the amount of $4,166.22 and entered a money judgment against the Respondent in that amount. The Support Magistrate also continued the current support order; $360 bi-weekly for the support of the three subject children.
Family Court Act ("FCA") section 439 (a) empowers support magistrates "to hear, determine and grant any relief within the powers of the Court" in proceedings properly before them. FCA § 439(e) provides that the support magistrate's determination "shall include Findings of Fact and a final order." The parties are permitted by the statute to submit "specific written objections" to the order for "review" by a Family Court judge. This review of the support magistrate's order is essentially equivalent to an appellate review of such order. Matter of Green v. Wron, 151 Misc 2d 9. The scope of that review, however, is narrow, confined to whether the support magistrate has made the necessary findings of fact and an order and whether, upon review of the record, the findings of fact present a reasonable basis for that order. Notwithstanding, the moving party must show, or offer to show, error by the support magistrate.
The Respondent has filed an objection to the Support Magistrate's Findings and Order. In his objection, he argues that the Support Magistrate committed error "by accepting and relying upon evidence provided from a witness who had no personal knowledge and who merely relied upon information viewed on the computer screen." The Court has reviewed the Respondent's objection, the Support Magistrate's Decision and Order, the court file, the relevant case law and the audiotapes of the proceedings and finds the Support Magistrate did commit an error of law by allowing such "computer evidence" to be introduced in the Petitioner's case. However, this Court finds that such error was harmless and Respondent's objection is denied and dismissed.
A parent is presumed to have sufficient means to support his/her child. FCA § 413. If a non-custodial parent fails to comply with an order of support, FCA § 454 states that the Petitioner must present competent proof that the Respondent has failed to obey his child support obligation. If the Court is satisfied that competent proof has been submitted as to the Respondent's failure to pay for court ordered support, such failure is prima facie evidence of a wilful violation of said order. The burden then shifts to the Respondent to prove that such failure was not wilful. See, Ellsworth v. Rogers, 301 AD2d 973; see also, Powers v. Powers, 86 NY2d 63.
Many businesses and agencies, including our courts, now rely [*3]on computers and new technological advances to keep records. While such computer entries may be hearsay, a party in an action may be able to introduce into evidence a computer entry as a business record, if the proper foundation is laid for its admissibility. The moving party must show that such an entry was made in the regular course of business and at the time, or within a reasonable time, of the act or occurrence. Further, CPLR § 4518(a) states, in pertinent part, that "[an] electronic record, . . . shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record." It also states that lack of personal knowledge may affect its weight but not its admissibility.
In the instant case, the Petitioner credibly testified that she had not received any monies from the Respondent and that she received only $20.00 from SCU. The Support Magistrate asked the SCU representative to give an accounting of the records kept by that agency regarding the Respondent's child support payments. Respondent's counsel objected to the information being read from a computer screen and the Support Magistrate overruled his objection. No foundation was laid to introduce such hearsay evidence as a business record nor was a tangible exhibit of such computer record as a business record introduced as evidence to support the testimony given by the SCU representative. Further, when cross-examined by Respondent's counsel, the SCU representative admitted that he had no personal knowledge of the information he provided. Thus, the evidence was erroneously admitted.
The Respondent testified that he works for Pizza Hut and that his employer makes deductions from his paycheck to be paid toward his two child support obligations for his four children, three of which are the subject children. He stated he did not know there was a third order and that no monies were being paid towards the instant child support obligation. Respondent's lack of knowledge as to what accounts are being satisfied with his payroll deductions is not an excuse for his failure to comply with this order of support. See, Ellsworth v. Rogers, id.. The Respondent admitted he knew the current order of support for the subject children is $360 bi-weekly; the two support deduction amounts shown by the Respondent, as reflected in his paystub do not total that amount. The deductions are $52.88 and $90.03 for one pay period in February 2005, totaling $142.91, and $26.71 and $45.47 for another pay period in April 2005, totaling $72.18. Even if the Court were to strike his testimony about the third order as having been only in response to inadmissible evidence, upon review of the paystubs submitted by the Respondent, his own testimony and documentary evidence shows that he is not complying with the current order of support.
Accordingly, although the Respondent has raised a mistake of [*4]law by the Support Magistrate, this Court finds that such error was harmless. Therefore, the Support Magistrate's decision shall remain undisturbed and the Respondent's objection is denied and dismissed in its entirety.
So Ordered.
NOTE: (1) THIS ORDER OF CHILD SUPPORT SHALL BE ADJUSTED BY THE APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER THIS ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED, UPON THE REQUEST OF ANY PARTY TO THE ORDER OR PURSUANT TO PARAGRAPH (2) BELOW. UPON APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT, AN ADJUSTED ORDER SHALL BE SENT TO THE PARTIES WHO, IF THEY OBJECT TO THE COST OF LIVING ADJUSTMENT, SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE DATE OF MAILING TO SUBMIT A WRITTEN OBJECTION TO THE COURT INDICATED ON SUCH ADJUSTED ORDER. UPON RECEIPT OF SUCH WRITTEN OBJECTION, THE COURT SHALL SCHEDULE A HEARING AT WHICH THE PARTIES MAY BE PRESENT.
TO OFFER EVIDENCE WHICH THE COURT WILL CONSIDER IN ADJUSTING THE CHILD SUPPORT ORDER IN ACCORDANCE WITH THE CHILD SUPPORT STANDARDS ACT.
(2) A RECIPIENT OF FAMILY ASSISTANCE SHALL HAVE THE CHILD SUPPORT ORDER REVIEWED AND ADJUSTED AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER SUCH ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED WITHOUT FURTHER APPLICATION OF ANY PARTY. ALL PARTIES WILL RECEIVE NOTICE OF ADJUSTMENT FINDINGS.
(3) WHERE ANY PARTY FAILS TO PROVIDE, AND UPDATE UPON ANY CHANGE, THE SUPPORT COLLECTION UNIT WITH A CURRENT ADDRESS, AS REQUIRED BY SECTION FOUR HUNDRED FORTY-THREE OF THE FAMILY COURT ACT, TO WHICH AN ADJUSTED ORDER CAN BE SENT, THE SUPPORT OBLIGATION AMOUNT CONTAINED THEREIN SHALL BECOME DUE AND OWING ON THE DATE THE FIRST PAYMENT IS DUE UNDER THE TERMS OF THE ORDER OF SUPPORT WHICH WAS REVIEWED AND ADJUSTED OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THE ORDER, REGARDLESS OF WHETHER OR NOT THE PARTY HAS RECEIVED A COPY OF THE ADJUSTED ORDER.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER [*5]BY APPELLANT IN COURT, 35 DAYS FROM MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Date: September 20, 2005 ______________________________
Yonkers, New YorkHON. COLLEEN D. DUFFY, A.J.F.C.