Matter of RM v DJ (2007 NY Slip Op 52006(U))

[*1]

Matter of RM v DJ

2007 NY Slip Op 52006(U) [17 Misc 3d 1114(A)]

Decided on October 12, 2007

Family Court, Westchester County

Duffy, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 12, 2007

Family Court, Westchester County
In the Matter of a
Proceeding Under Article 4 of the Family Court Act RM, Petitioner,
against
DJ, Respondent.
F-01930-91/06B

Colleen D. Duffy, J.
On June 27, 2006, R M ("Petitioner") filed an Order to Show Cause to vacate an Order of
Filiation and Order of Support, entered April 19, 1991(Spitz, J.) (hereinafter "April 1991 Order")
declaring (1) R M to be the biological father of Z A J (DOB: 12/26/1987) (hereinafter
"Subject Child"), and (2) obligating R M to pay child support for the benefit of the
Subject Child. Petitioner contends that he has not heard from the Court in approximately 14 years
and seeks to vacate the default judgment against him based on the fact that he has moved
approximately six times since the last time he was in Court and was unaware of the April 1991
Order.
The petition was heard on August 17, 2006 (after two adjournments that were
granted at the request of the Petitioner) before Support Magistrate Allen Hochberg. Petitioner
appeared personally and was represented by Hal Greenwald, Esq. Respondent appeared
personally and was self-represented. At the hearing Petitioner alleged that he had received no
notices from this Court. The Support Magistrate found that the Petitioner failed to notify the
Court of subsequent change of addresses in the 15 years since the May 1991 Order was entered.
Thereafter, Support Magistrate Hochberg dismissed the petition pursuant to an Order of
Dismissal, entered August 22, 2006.
At the hearing, the Support Magistrate took Judicial Notice of the court file, wherein the
court record reflected that, on October 30, 1989, Petitioner appeared in Court after surrendering
on a warrant of arrest that was issued March 30, 1989. At that time, Petitioner requested and was
granted the opportunity to have an HLA (Human Leucocyte Antigen) genetic blood marker test.
Petitioner thereafter failed to attend the testing and failed to appear in Court for the results on
March 30, 1990. At the hearing, Petitioner testified that he was told that he would be notified
about the blood test, that he never was, and that he had not been given any date to return to the
[*2]Court. The Support Magistrate found Petitioner's testimony to
be incredible and inconsistent with the customary practice of the Court. Furthermore, the Support
Magistrate found that Petitioner did not make any affirmative steps to contact this Court for
approximately 15 years to find out the status of the proceedings against him.
The Support Magistrate took Judicial Notice of the April 1991 Order entered by Judge Sptiz.
In that 1991 proceeding, the Court had entered an Order of Filiation declaring Petitioner to be the
father of the Subject Child and entered a temporary Order of Support obligating the Petitioner to
pay $100.00 per month for the benefit of the Subject Child. Thereafter, Hearing Examiner Hon.
Gladys E. Braxton directed notices be sent to the parties for a hearing to be held September 9,
1991. Petitioner failed to appear on September 9, 1991. Nonetheless, on that date a permanent
Order of Support was entered and arrears were set based on the date the petition was filed.
The Support Magistrate found that Petitioner failed to establish a substantive or procedural
ground requiring that the foregoing proceedings be revisited and reversed. Support Magistrate
Hochberg found that Petitioner failed to demonstrate to the Court that the April 1991 Order was
entered based on prejudice, fraud, mistake or error as required by CPLR 5015. Accordingly, the
Support Magistrate dismissed the petition.
On or about September 26, 2006, Petitioner filed an objection to the Support Magistrate's
Order. Petitioner based his objection on the fact that he neither received another notice from this
Court to appear, nor did this Court produce any witnesses that Petitioner was personally handed a
Court notice to appear on any return date. Petitioner asserts that within the past 17 years he had
heard nothing from this Court.
Family Court Act ("FCA") § 439(a) empowers Support Magistrates "to hear, determine
and grant any relief within the powers of the Court" in proceedings properly before them. FCA
§ 439 (e) provides that the Support Magistrate's determination "shall include Findings of
Fact and a final order." The parties are permitted by the statute to submit "specific written
objections" to the order for "review" by a Family Court judge. This review of the Support
Magistrate's order is essentially equivalent to an appellate review of such order. Matter of
Green v. Wron, 151 Misc 2d 9. The scope of that review, however, is narrow, confined to
whether the Support Magistrate has made the necessary findings of fact and an order and
whether, upon review of the record, the findings of fact present a reasonable basis for that order.
The Support Magistrate is granted broad discretion in weighing the relative positions of the
parties and evaluating testimony and therefore, his or her findings are entitled to great deference.
Creem v. Creem, 121 AD2d 676, 504 NYS2d 444 (2d Dep't 1986). Stone v.
Stone, 236 AD2d 615,652 NYS2d 824 (2d Dep't 1997); Reed v. Reed, 240 AD2d
951, 659 NYS2d 334 (3rd Dep't 1997); Stanziano v. Stanziano, 235 A.D2d 845, 652
NYS2d 824 (3rd Dep't 1997).
In this case, Petitioner is seeking to vacate an Order of Filiation based on a default judgment.
The nature and effect of Petitioner's motion is for vacatur of the paternity order, which would
moot the current order of Support. Relief from such orders have always been governed by
Rule 5015 of the C.P.L.R. A party may move to vacate an order of filiation on the
grounds of (1) newly discovered evidence that would have been sufficient to alter the results of
the trial that would not have been discovered at the time of trial; (2) lack of jurisdiction; or (3)
fraud, duress, or other misconduct by the Petitioner. See, CPLR 5015.
[*3]
With respect to an Order of Filiation entered on default,
the moving party must show excusable neglect and a meritorious defense. CPLR 5015(a)(1). The
Court must consider the best interests of the child in determining whether to grant the
motion to vacate (emphasis added). See, Carrieri, J. LexisNexis Answer Guide New
York Family Court Proceedings § 6.30 6.49 (2006 Ed.). A delay in seeking to vacate
an Order of Filiation entered on default may allow the opposing party to successfully raise the
defense of equitable estoppel. Id, §§ 6.30, 6.49.
The determination and the granting of any relief with respect to issues of contested paternity
is beyond the jurisdiction of a Support Magistrate when issues of equitable estoppel arise. Family
Court Act § 439(b) specifically enjoins a Support Magistrate from hearing and granting any
relief from issues of contested paternity involving equitable estoppel. See, D'elia
o/b/o Maggie M. v. Douglas B., 524 NYS2d 616, 138 Misc 2d 370, 524 NYS2d 616.
Here, in light of the length of time that has elapsed from the date of entry of the 1991 Order
and Petitioner's motion to vacate paternity, the issue of equitable estoppel may very well have
been a defense to this matter. If the Support Magistrate were to have granted the relief sought by
Petitioner, such a ruling would have, in effect, vacated an Order of Paternity. Either the
Respondent mother or the child herself could argue against such relief on the basis of equitable
estoppel. Thus, the Support Magistrate has no statutory jurisdiction to grant the relief sought as
the issue of equitable estoppel may arise to preclude such relief. As the Support Magistrate had
no authority to grant the relief sought in the petition, he must be precluded from denying the
petition. In short, the Support Magistrate is precluded from deciding such a petition. See In
the Matter of Shondel J. v. Mark D.18 AD3d 551, 795 NYS2d 260, 2005 NY Slip Op.
03850.
Here, this Court finds that the Support Magistrate exceeded his powers of jurisdiction and
did not have the authority to dismiss Petitioner's petition seeking to vacate the default. Based
upon the foregoing, this Court vacates the Support Magistrate's decision. Notwithstanding the
foregoing, the Court independently has reviewed the record as well as the findings of fact of the
Support Magistrate. In light of the fact that the Support Magistrate held a full hearing on the
record in which Petitioner had the opportunity to be heard, this Court adopts the Support
Magistrate's findings of fact and enters a new order dismissing Petitioner's petition to vacate the
order of filiation and order of support for all of the reasons set forth in that record. See Kent
v. Kent, 7 Misc 3d 1031(A), 801 NYS2d 235 (N.Y.Fam.Ct 2005).
Now, after examination and inquiry in the facts and circumstances of the case;
it is hereby
ORDERED, that the order entered August 22, 2006 of the Support Magistrate is hereby
vacated and this Court, having adopted the findings of fact of the Support Magistrate, hereby
finds that: Petitioner has not established a prima facie case. Accordingly it is hereby
ORDERED, that Petitioner's petition seeking vacatur is dismissed. In light of the foregoing,
Petitioner's objection also is dismissed as moot.
This constitutes the Decision and Order of this Court.

DATED:October 12, 2007ENTER
Yonkers, NY
[*4]
HON. COLLEEN D. DUFFY
J.F.C.