OPINION OF THE COURT
Patricia E. Gallaher, J.
*606 A petition was filed on April 1, 2009 by DHS (Department of Human Services) on behalf of Alexis B. (hereinafter mother), requesting an order of support against Steven S. (hereinafter putative father) for the subject child, Symere S. (born May 21, 2008). DHS filed the petition on behalf of the mother as the child is in receipt of public assistance. Attached to the petition was a computer-generated document entitled “PUTATIVE FATHER REGISTRY,” indicating an acknowledgment of paternity listing, among other things, under “Child Information” the name Symere D.S. with a date of birth of May 21, 2008; under “Father Information” the name Steven D.S. II; and under “Mother Information” the name Alexis C.B.
It contains on this copy of the computer printout a red ink stamp, saying: “CERTIFIED.”
This is certified to be a true copy of the information contained in the putative father registry for the above parties and child as of the date printed below. That language is followed by a stamped signature of Sherri E. Wood, and the typed language, “Sherri E. Wood, Manager, Monroe County CSEU.” The only date printed below is “1/8/2009.”
The first appearance was scheduled for May 14, 2009 before Support Magistrate Diana Irizarry. The putative father was present and Kelly Bartus, Esq. appeared for DHS. At this first appearance the Support Magistrate asked counsel for DHS for a copy of the actual acknowledgment of paternity for the subject child — which of course, is a document which would normally contain the signatures of the two people who at the time of their signatures agreed they are the mother and father of the child in question. Counsel for DHS replied that it was the position of DHS that the above-described computer-generated record with a stamp that it was certified was sufficient proof of paternity, and that no acknowledgment of paternity would be provided. The Support Magistrate disagreed and on May 15, 2009 signed an order of dismissal without prejudice based on the May 14, 2009 first appearance, stating that it was adjudged “that the petition is dismissed as the Department of Social Services refuses to provide the court with the Acknowledgment of Paternity.”
On the 11th day of June, 2009, DHS filed objections to the order of dismissal of the Support Magistrate, stating two reasons: first, that the petition, as filed, was sufficient on its face, and further, that “the copy of the Putative Father Registry entry attached to the petition was duly certified and established Mr. S. as the legal father of the child Symere S.”
*607 The Family Court, when reviewing objections, may remand one or more issues of fact to the Support Magistrate; the court may make its own findings of fact and order whether a new hearing is held or not; or the court may deny the objections altogether. (See Charlene H. v Charles K., 4 Misc 3d 1011[A], 2004 NY Slip Op 50818[U] [Fam Ct, Erie County 2004].) In this matter, the court believes the proper option is to remand the matter back to the Support Magistrate for a fact-finding hearing.
The Family Court Act is the statute that governs the initial issue, the requirements for the filing of a petition for child support. It states that the proceeding is commenced by the filing of a petition, which “may be made on information and belief.” (Family Ct Act § 423.) There is no requirement that the petition be based on any particular type of proof, just that it be verified, even if on information and belief. However, it is long established law that at fact-finding, proof of paternity must be established by clear and convincing evidence. (See Matter of Darla E. v Barry E, 222 AD2d 857 [3d Dept 1995].) Thereafter, section 441 of the Family Court Act requires that the allegations of the support petition be proven by competent proof. If not proven by this standard, the Support Magistrate would dismiss the petition.
In this case, the petition itself is signed by Nancy Flynn, as a designee for the Commissioner of Social Services. It is clearly based on “information and belief’ which is appropriate at the pleading stage of the proceeding. Furthermore, this comports with the statutory “on information and belief’ requirements as set forth in section 423 of the Family Court Act. Therefore, the petition as filed by DHS is within the parameters set by the Legislature. It is for this reason that this court finds the petition is sufficient on its face for proceeding further, and that the dismissal of the petition on the first appearance was premature.
Based on this finding, this matter will be restored and returned to Support Magistrate Irizarry’s docket for a fact-finding hearing. After taking evidence at the fact-finding hearing, the Support Magistrate must determine whether the Department has provided competent proof of paternity. Whether the Department can prove paternity by clear and convincing evidence of paternity using only a computer-generated printout of the putative father registry may be decided then if that is the way the Department chooses to proceed. The petition itself is sufficient for pleading purposes. Whether the printout of the *608 putative father registry with the stamped certification used on the pleading copy is competent proof at fact-finding is another matter entirely. This, in fact, is the second issue raised by the Department in its objections, but it is not necessary to address that issue at this time.* For the reasons set forth above, this petition shall be restored to Support Magistrate Irizarry’s docket for fact-finding, and thereafter the Support Magistrate will be in the best position to make the evidentiary rulings on the actual proof submitted.
Now therefore it is hereby ordered, that the objections filed by DHS on behalf of the petitioner Alexis B. are granted, the petition is restored and the matter is remanded to Support Magistrate Irizarry for a fact-finding hearing in accordance with this decision.

 It may be of concern that a copy of the putative father registry information (as submitted with the petition in this case) does not contain identifying information such as who requested the printout, who. entered the data initially, when the data record was created, when the information contained therein was received or entered, who has or might have access to the data registry to modify or change the information, where the registry or database is maintained, under whose control is the registry or database, what safeguards are in place to ensure the accuracy and security of the information contained therein, or copies of the signatures in the actual acknowledgment.